JOHN W. HUBER, United States Attorney (#7226)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Email:  leslie.a.goemaat@usdoj.gov
        richard.m.rolwing@usdoj.gov
        arthur.j.ewenczyk@usdoj.gov
        john.e.sullivan@usdoj.gov

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 18-CR-365-JNP |
| Plaintiff, | : | |
| v. | : | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S |
| JACOB ORTELL KINGSTON, | : | SUPPLEMENTAL MOTION FOR |
| ISAIAH ELDEN KINGSTON, and | | REVIEW OF PRE-TRIAL DETENTION |
| LEV ASLAN DERMEN, | : | OF LEV ASLAN DERMEN |
|   a/k/a Levon Termendzhyan, | | |
| | : | |
| Defendants. | | |
| | : | District Judge Jill N. Parrish |
| | | Magistrate Judge Brooke Wells |

The United States agrees with Mr. Dermen insofar as he concedes that around-the-clock surveillance by armed security is necessary to ensure his appearance in court. However, the means to achieve this is to remand the defendant to the custody of the United States Marshals Service rather than relying on a third-party service retained and paid for by the defense.

Recently, two courts have considered and rejected the use of Guidepost Services and its

1

security measures as a condition of pre-trial release. *United States v. Tajideen*, No. CR 17-46 (RBW), 2018 WL 1342475, at *5 (D.D.C. Mar. 15, 2018), *aff'd*, 724 F. App'x 6 (D.C. Cir. 2018); *United States v. Zarrab*, No. 15 CR 867 (RMB), 2016 WL 3681423, at *1 (S.D.N.Y. June 16, 2016). As these courts have explained, the defendant's proposal to retain Guidepost Services is deeply problematic in multiple regards. First, the proposal "does not appear to contemplate 'release' so much as it describes a very expensive form of private jail or detention" and accordingly should not be considered as a condition of *release* under the Bail Reform Act. *Zarrab* at *10. Second, the reliance on a private security service, such as Guidepost "substitutes judicial oversight and management for (more appropriate) reliance upon trained, experienced, and qualified professionals from the [United States] Bureau of Prisons and the [United States] Marshals Service." *Id.* Third, allowing the defendant to avoid being taken into the custody of the United States Marshals Service by funding his own private detention is "unreasonable because it helps to foster inequity and unequal treatment in favor of a very small cohort of criminal defendants who are extremely wealthy." *Id.* at *13. Finally, and perhaps most importantly, it is entirely unclear how a private security service retained and paid for by the defendant could possibly be relied upon to ensure his appearance in court. There is simply no way to prevent the defendant from being "able to make his escape [through] intentional or negligent conduct by Guidepost employees, and in that event, there is no way how Guidepost, a private security company, could be held accountable for the escape by the court or the government." *Tajideen* at *7.

    The United States respectfully submits that there are no conditions or combination of conditions of release that can reasonable ensure the defendant's appearance in court. The defendant has substantial assets and investments in Turkey, which have been funded with his

share of the Mail Fraud Scheme alleged in the indictment. (ECF 1 at ¶¶ 14-15.) By his own admission, the defendant resides in Turkey. (Gov. Ex. 1, ECF 80-1 at ¶¶ 5-7.) The defendant has further admitted to failing to appear for multiple depositions. (*Id.* at ¶¶ 3-5 and 9.) Finally, the defendant has demonstrated his willingness to make use of his vast resources, including a private jet owned by Bora Jet and SBK-Turkey, to flee to Turkey in the immediate aftermath of a state search warrant.

Respectfully submitted this 4th day of October, 2018.

JOHN W. HUBER
United States Attorney

*/s/ Arthur J. Ewenczyk*
LESLIE A. GOEMAAT
RICHARD M. ROLWING
ARTHUR J. EWENCZYK
Special Assistant United States Attorneys
JOHN E. SULLIVAN
Senior Litigation Counsel

Certificate of Service

      I certify that on the 4th day of October, 2018, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, which will send notice of electronic filing to counsel of record in this case.

                                              */s/ Arthur J. Ewenczyk*
                                              ARTHUR J. EWENCZYK
                                              Special Assistant United States Attorney