IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JACOB KINGSTON, ISAIAH KINGSTON, LEV DERMEN, RACHEL KINGSTON, and SALLY KINGSTON<br><br>　　　　　Defendants. | **ORDER TO FILE A REPLACEMENT BRIEF**<br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>District Judge Jill N. Parrish |

　　　　Defendant Lev Dermen has filed a motion labeled as a "Request for Reconsideration of Bail." [Docket 160.] At times the motion references constitutional due process concerns, statutory provisions regulating when a criminal trial must commence, *see* 18 U.S.C. § 3161, and statutory provisions governing the length of a defendant's pretrial detention, *see* 18 U.S.C. § 3164. But it is not entirely clear the extent to which Dermen is making a constitutional or statutory claim, or whether he requests a different trial date or some other relief. Moreover, the court previously ordered that any brief requesting release from detention pursuant to § 3164 must "address with specificity which periods of time are or are not excluded from the 90-day calculation."

　　　　Because Dermen's brief does not consistently identify the relief requested or the source of authority for the relief, and because the brief does not comply with the court's order to identify periods of time excluded from the 90-day calculation under § 3164, the court STRIKES Dermen's motion. The court orders Dermen to file a motion that clearly identifies each constitutional or statutory provision he relies upon and the specific remedy requested for each provision. To the

extent that he requests relief under § 3164, he must also identify any periods of time that he contends may not be excluded from the 90-day calculation and argue why an exclusion of time is improper.

Signed January 29, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge