JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
       leslie.a.goemaat@usdoj.gov
       richard.m.rolwing@usdoj.gov
       john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP |
| Plaintiff, | : | |
| v. | : | GOVERNMENT'S NOTICE OF INTENT TO OFFER SUMMARY EXHIBITS AND NON-EXPERT SUMMARY TESTIMONY PURSUANT TO RULES 1006 AND 611(a) |
| JACOB ORTELL KINGSTON, ISAIAH ELDEN KINGSTON, LEV ASLAN DERMEN,   a/k/a Levon Termendzhyan, RACHEL ANN KINGSTON, and SALLY LOUISE KINGSTON, | : : | |
| Defendants. | | |

**NOTICE OF INTENT TO OFFER SUMMARY EXHIBITS AND NON-EXPERT SUMMARY TESTIMONY PURSUANT TO RULES 1006 AND 611(a)**

The United States of America, by the undersigned attorneys, hereby files this notice of intent to use summaries and charts pursuant to Rules 1006 and 611(a) of the Federal Rules of Evidence.  The government submits that the use of summaries and charts at trial will promote

1

judicial economy, prevent undue delay, and aid the jury in considering the evidence.

**I.      Introduction**

This is a complex case involving a massive scheme to fraudulently obtain more than $1.1 billion of refundable fuel tax credits from the IRS. The Indictment alleges that the defendants conspired to defraud the United States by filing and submitting at least 39 Forms 8849, Claims for Refund of Excise Taxes, with the IRS over a seven-year period. The evidence in the case consists of voluminous bank records relating to over 50 bank accounts, accounting records and spreadsheets for Washakie Renewable Energy, LLC, and other voluminous documentary evidence, including billing and shipping records, corporate tax returns, claims filed with the IRS, emails (with attachments), and text messages.

The government intends to offer much of this evidence as records of regularly conducted activity, also known as business records, which are admissible under Fed. R. Evid. 803(6), and public records, including IRS records, EPA records, and court documents pursuant to Fed. R. Evid. 803(8). Defense counsel was provided with Fed. R. Evid. 902(11) certifications in discovery, as well as copies of the public records the government intends to introduce at trial. At the April 2, 2019 hearing recess, defense counsel agreed to stipulate to the authenticity of banking and government records, and it is the government's understanding that defense counsel has agreed not to dispute the authenticity of these records unless a genuine issue as to authenticity is raised in good faith. The government noted this in a letter sent to defense counsel on dated May 24, 2019, and asked counsel to "advise us immediately if the government's understanding is in any way incorrect." *See* attached Exhibit A. To date, the government has not been advised that its understanding is incorrect. As such, the government will neither call a custodian of records to introduce these documents nor produce a business records certification

pursuant to Rule 902(11) or certified copies of public records pursuant to Rule 902(4).[1]

**II.     Applicable Law**

Federal Rules of Evidence 1006 and 611, as well as the established tradition of this and sister circuits, allow the introduction of both summary exhibits and non-expert summary testimony regarding summaries, charts, and timelines to aid the jury in the examination of trial evidence, especially in complex cases such as this one. *United States v. Behrens*, 689 F.2d 154, 161-62 (10th Cir. 1982); *United States v. Harenberg*, 732 F.2d 150, 1514 (10th Cir. 1984); *United States v. Stiger*, 413 F.3d 1185, 1198 (10th Cir. 2005) (overruled on other grounds).

A. Summary Exhibits

The proponent of a summary under Rule 1006 must establish the admissibility of the underlying document as a condition to introduction of the summary. *Harris Mkt. Research v. Marshall Mktg. & Communications, Inc.*, 948 F.2d 1518, 1525 (10th Cir. 1991). The underlying documents do not actually have to be admitted, but must be established as admissible. *United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999). The proponent must also establish that the underlying documents were made available to the opposing party for inspection. *Id*. Summaries must fairly represent the underlying documents and their admission into evidence is left to the trial court's discretion. *Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1468 (10th Cir. 1994); *United States v. Conford*, 336 F.2d 285, 287-88 (10th Cir. 1964)

The Tenth Circuit has repeatedly approved the use of Rule 1006 summaries, particularly where, as here, the summaries will aid the jury in organizing the information contained in a large number of documents into understandable form. *Swallow v. United States*, 307 F.2d 81, 84 (10th

---

[1] The government will have to substantially increase its estimate as to the length of the government's case in chief if custodial witnesses are called for all bank and government records.

Cir. 1962) (summaries approved in cases involving complicated documentary proof); *Stiger*, 413 F.3d at 1198 (A chart based exclusively on evidence admitted at trial was properly admitted "because it was undoubtedly helpful to the jury in this particularly complex case."); *Behrens*, 689 F.2d at 161-62. Rule 1006 treats properly admitted summaries as evidence in their own right rather than just presentations of other evidence in a more coherent form, as long as the underlying evidence is admissible. *Samaniego*, 187 F.3d at 1223-24.

B.  <u>Non-Expert Summary Testimony</u>

Here, given the voluminous nature of some of the evidence, the government also intends to offer a non-expert summary witnesses to testify about the summaries admitted under Rule 1006. The government may also use this summary witness to summarize witness testimony, through testimony, as well as through charts and timelines.

The Tenth Circuit has repeatedly allowed such summary testimony in complex tax cases, so long as the testimony is based on admitted evidence. *See United States v. Mann*, 884 F.2d 532, 538-39 (10th Cir. 1989) ("[w]e have approved the use of summaries in tax prosecutions on other occasions, including summary testimony") (internal quotations omitted); *United States v. Harenberg,* 732 F.2d 1507, 1513 (10th Cir. 1984); *Stiger*, 413 F.3d at 1198 ("As this Court has noted, a party may only admit summary testimony under Fed. R. Evid. 611(a) if the District Court previously admitted at trial the evidence that forms the basis for the summary."). Similarly, sister circuits have approved of the practice of using non-expert summary witnesses to summarize admitted testimony. *See United States v. Bishop*, 264 F.3d 535, 546-48 (5th Cir. 2001) (It was appropriate to use a non-expert summary witness in a criminal tax trial that "consumed seventeen days of technical testimony and scores of exhibits.").

4

This Circuit has explicitly held that summary witnesses may summarize witness testimony and use charts or timelines, pursuant to Rule 611(a). *United States v. Renteria*, 720 F.3d 1245, 1252-53 (citing *United States v. Ray*, 370 F.3d 1039, 1046–47 (10th Cir.2004), *rev'd and remanded on other grounds by United States v. Booker*, 543 U.S. 220 (2005)). A two-part test determines the admissibility of charts and timelines relying on previous testimony under Rule 611(a). First, the Court considers "whether the summary chart . . . aids the jury in ascertaining the truth." *Id.* Relevant factors include the length of the trial, the complexity of the case, and the possible confusion generated by a large number of exhibits." *Id.* All of these factors favor the admission of admitting summaries based, in part or in whole, on witness testimony. Second, the Court considers any resulting prejudice, looking at whether, for example, the preparer was available for cross-examination and whether the court gave any limiting instruction. The government will make the preparers of such summaries available for cross-examination. Further, the government would have no objection to a limiting instruction reminding the jury that "[c]ertain charts and summaries [which were referred to as "demonstrative evidence" during the trial] have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts." Tenth Circuit Model Jury Instruction 1.41 (modified).[2]

Based on the complexity of this case, the summary witness's testimony will be essential to presenting the government's case. The summary witness's testimony will relate to a variety of different allegations and counts in the indictment, e.g., the false paperwork created to make it

---

[2] The government notes that such an instruction would apply only to charts and timelines summarizing admitted non-documentary evidence, such as witness testimony, and would not apply to summary exhibits admitted pursuant to Rule 1006 summarizing documents. *See* Tenth Circuit Model Jury Instruction 1.41, Commentary.

appear that biodiesel and related products had been bought and sold (Count 1, ¶20(a)-(i)), the 39 false claims that were submitted to the IRS (Count1, ¶21 and Counts 2-20), and the numerous money laundering transactions (Counts 23-43). As such, the government will request that the summary witness be allowed in the courtroom during the trial pursuant to Rule 615(c), and be allowed to testify during various portions of the government's case. "[T]he purpose for sequestering a witness is 'to prevent the shaping of testimony by witnesses to match that given by other witnesses.'" *United States v. Strauss*, 473 F.2d 1262, 1263 (3rd Cir. 1973) (quoting *United States v. Cozzetti*, 441 F.2d 344, 350 (9th Cir. 1971)). Here, the government's summary witness will not be testifying as a fact witness and will not be providing testimony that will overlap with the testimony of other witnesses.

### III. Government's Initial Production of Rule 1006 Summaries

On May 24, 2019, the government sent defense counsel an initial production of eleven Rule 1006 summaries. These summaries relate to claims submitted to the IRS, U.S. Treasury checks issued to Washakie Renewable Energy ("WRE"), copies of Forms 8849 retained by the preparer of the claims, and financial transactions relating to some of the money laundering charges. With respect to these summaries, all of the underlying items are attached and referenced in the summaries. The vast majority of the underlying items are admissible bank records consisting of bank statements, checks, deposit tickets, and wire transfer records. With the exception of one account consisting of four pages, the defense was provided with the Rule 902(11) certifications relating to these bank records in discovery.[3] The other underlying items are documents and records relating to U.S. Treasury checks issued to WRE and Forms 8849 that

---

[3] These four pages are admissible bank records pursuant to Rule 803(6). They relate to a Bank of America bank account #8517 in the name of DK Zvezda, and were provided in Production 07 at WASH-0652054.

6

were prepared and sent to the IRS, either via mail, UPS, or electronic filing. Specifically, the government's initial production included the following summaries and charts, consisting of approximately 1,200 pages:

| Description | Items Summarized | Number of Pages | Underlying Items Attached |
|---|---|---|---|
| Summary of Forms 8849 Filed With the IRS on Behalf of WRE and UFS 2010 thru 2015 | IRS records | 372 | yes |
| Summary of U.S. Treasury Checks Issued to WRE to Pay Renewable Fuel Tax Credits Claimed on Forms 8849 Filed With the IRS 2011 thru 2015 | IRS and bank records | 106 | yes |
| Summary of Renewable Fuel Tax Credits Claimed by WRE and UFS on Forms 8849 Prepared by ThinkTrade 2010 thru 2015 | business records | 274 | yes |
| Summary of Financial Transactions Conducted in WRE Bank of Utah #4874, Catan Chase #4251, and SCM Chase #2048 August 2013 thru March 2014 | bank records | 223 | yes |
| Summary of Outgoing Wire Transfer Requests WRE Bank of Utah #4874 August 2013 thru March 2014 | bank records | 51 | yes |
| Summary of Financial Transactions Conducted in WRE Bank of Utah #5016, Catan Chase #4251, and SCM Chase #2048 September and October 2014 | bank records | 40 | yes |
| Summary of Financial Transactions Conducted in WRE Chase #4987, Catan Chase #4251, and SCM Chase #2048 April 2015 | bank records | 17 | yes |
| Summary of Financial Transactions Conducted in WRE Wells Fargo #9829, Catan Chase #4251, and SCM Chase #2048 November 2015 thru January 2016 | bank records | 29 | yes |

| Description | Items Summarized | Number of Pages | Underlying Items Attached |
|---|---|---|---|
| Summary of Financial Transactions Conducted in WRE Wells Fargo #8914, UFS Wells Fargo #3429, Xena Chase #2935, and Union Fuels TD Bank November 2015 thru February 2016 | bank records | 21 | yes |
| Flow of Funds Chart March 16 thru May 27, 2015 | bank records | 13 | yes |
| Summary of International Wire Transfers 2013 thru 2015 | bank records | 62 | yes |

With respect to these summaries and charts, the government reserves the right to amend them based on the evidence admitted at trial.

On May 24, 2019, the government also sent defense counsel "copies of voluminous bank records relating to over 50 bank accounts that were used to trace the proceeds of the mail fraud conspiracy charged in Count 1." *See* attached Exhibit A. These bank records were previously provided to defense counsel in discovery, but not as a discrete production of records the government would be relying on to trace the proceeds of the mail fraud conspiracy. The government's May 24 production consisted of 33,963 pages of bank records. *See* attached Exhibit B. The government intends to summarize a portion of these records pursuant to Rule 1006 without attaching or admitting the underlying items. The government will offer these charts through the testimony of the government's summary witness to prove that the financial transactions alleged in the money laundering counts can be traced to U.S. Treasury checks allegedly obtained pursuant to the mail fraud conspiracy. *See* Count 1, ¶19.

**IV.    Government' Second Production of Rule 1006 Summaries**

On June 6, 2019, in connection with the filing of the Government's *James* Proffer (ECF 336-347), the government provided defense counsel with sixteen addition Rule 1006 summaries and charts, including:

8

| Description | Items Summarized | Number of Pages | Underlying Items Attached |
|---|---|---|---|
| Fund Transferred To/From Washakie and SBK Holdings USA, In. | bank records | 23 | yes |
| Summary of Financial Transactions Relating to Lev Dermen 2012 thru 2016 | bank records | 37 | yes |
| Summary of Financial Transactions Conducted With Checks and Wire Transfers August 2013 thru December 2013 | bank records | 61 | yes |
| Funds Transferred To/From Turkey For the Benefit of Jacob Kingston | bank records | 8 | yes |
| Flow of Funds $11.2 Million Loan to Zubair Kazi | bank records | 24 | yes |
| Flow of Funds Purchase of 2072 East Creek Road Sandy, Utah | bank records | 42 | yes |
| Flow of Funds Purchase of 2010 Bugatti Veyron | bank records | 20 | yes |
| Summary of WRE to Adirondack Money Cycling WRE Bank of Utah #4874 | bank records | 3 | no |
| Summary of Product Purchased for Westway Terminal Tanks May 2013 thru December 2013 | bank records | 20 | yes |
| Flow of Funds WRE-LDCC August 14, 2013 thru September 5, 2013 | bank records | 1 | no |
| Flow of Funds WRE-AFAB Engineering November 25, 2013 thru December 10, 2013 | bank records | 1 | no |
| Summary of Fraud Proceeds Transferred to Order-Related Entities 2011 thru 2015 | bank records | 5 | no |
| Summary of Proceeds Used to Build out Plant | bank records | 1 | no |

| Description | Items Summarized | Number of Pages | Underlying Items Attached |
|---|---|---|---|
| Summary of SCM Feedstock Invoices Provided by WRE to IRS Auditor August 2011 thru December 10, 2012 | business records | 2 | no |
| Summary of Cytek Feedstock Invoices Provided by WRE to IRS Auditor August 2011 thru December 2011 | business records | 1 | no |
| Summary of Assigned RINs Generated at Washakie Renewable Energy's Plymouth Plant 2012 | EPA records | 1 | no |

The government reserves the right to modify these summaries prior to presentation at trial and based on the evidence admitted at trial. With respect to the summaries without underlying items attached, the government has already provided the defense with copies of the underlying items in discovery.

V. **Additional Summaries and Charts**

As trial preparation continues, the government will provide defense counsel with copies of new summaries and charts as they are created and prior to their use at trial. In that regard, the government provides the following notice relating to summary charts prepared by two IRS revenue agents who conducted audits of Washakie Renewable Energy. The government will call these revenue agents at trial as non-expert fact witnesses.

a. *Revenue Agent Joseph Langford's Summary Charts*

Joseph Langford conducted an audit of WRE for renewable fuel tax credits claimed for years 2010 and 2011. During the audit, Agent Langford issued at least fourteen "Information Document Requests" ("IDRs") to WRE and was provided with large volumes of business records by WRE. Agent Langford's testimony will establish that these records were provided by defendants Jacob Kingston, Isaiah Kingston, Sally Kingston, and later by counsel for these defendants. These records included purported sales invoices for biodiesel, renewable diesel, and

10

other fuels, invoices for the purported purchase of feedstock, blending tickets, and transportation documents relating to the purported transport of fuel. The records produced by WRE and the defendants in response to the 2010-2011 audit all constitute business records of WRE and are properly admissible as business records pursuant to Rule 803(6).

Agent Langford scanned a selection of this material, but the large majority was entered into various spreadsheets created by Agent Langford that he used to track and organize the records provided by WRE during the course of the audit. During the audit, Agent Langford collected and created hundreds of documents[4] based on business records provided by WRE including summary spreadsheets, scans of submitted WRE business records, and other records provided by WRE and relating to the audit. In preparing the summaries, Joseph Langford reviewed his audit file compiled during the 2010 and 2011 audit of WRE, including the summary spreadsheets created to organize and track WRE's records provided during the audits and the scans of WRE business records submitted in response to the IDRs. Agent Langford will testify to summaries of:

- Feedstock invoices – This is a summary of all feedstock invoices presented to Agent Langford by WRE during the 2010-2011 audit.

- Sales invoices by claim – This is a summary of all fuel sales invoices purporting to sell biodiesel, renewable diesel, and other fuel, presented to Agent Langford by WRE during the 2010-2011 audit and organized by claim (Form 8849).

- Summary of sales invoices provided to Agent Langford from specific companies, organized by company.

- Summary of sales invoices provided to Agent Langford from specific companies, organized by claim.

---

[4] Because of the volume of discovery in this case, discovery has been produced in "native" format. Accordingly, the United States is unable to submit an accurate page count. However, Agent Langford's original audit file consisted of 407 items including spreadsheets, PDFs, and Word documents.

11

Draft summaries are attached as Exhibit C. These summaries summarize voluminous documents that have already been provided to defense counsel. Agent Langford's audit file was provided in Production 01 at WASH-0287676 to WASH-0288082.

### b. *Revenue Agent Alan Anderson's Summaries*

Revenue Agent Alan Anderson conducted an audit of WRE's Forms 8849 for years 2013 and 2014. During the course of the 2013-2014 audit, the IRS issued an IDR, and later a summons, and the IRS ultimately received three bankers boxes of binders relating to Forms 8849 filed for the first quarter of 2013. These records constitute business records of WRE and are properly admissible as business records pursuant to Rule 803(6).

Revenue Agent Alan Anderson is currently preparing a summary of the three bankers boxes of records provided by WRE during the audit. This summary will summarize 5,012 pages of admissible business records of WRE that have already been provided to defense counsel. Agent Anderson's audit file was provided in Production 01 at WASH-0021740 to WASH-0021821. WRE's bank records, produced during the 2013-2014 audit, were provided in Production 01 at WASH-0024195 to WASH-0024208.

Respectfully submitted this 17th day of June, 2019.

                        JOHN W. HUBER
                        United States Attorney

                        */s/ John E. Sullivan*
                        ARTHUR J. EWENCZYK
                        LESLIE A. GOEMAAT
                        RICHARD M. ROLWING
                        Special Assistant United States Attorneys
                        JOHN E. SULLIVAN
                        Senior Litigation Counsel

<u>Certificate of Service</u>

   I certify that on the 17th day of June 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system, which will send notice of electronic filing to counsel of record in this case.

                *<u>/s/ John E. Sullivan</u>*
                JOHN E. SULLIVAN
                Senior Litigation Counsel