JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
 leslie.a.goemaat@usdoj.gov
 richard.m.rolwing@usdoj.gov
 john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP-BCW |
|---|---|---|
| Plaintiff, | : | |
| | : | GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY, PRE-TRIAL JENCKS PRODUCTION, AND EXHIBITS RELATED TO THE UNOPPOSED RULE 15 DEPOSITION OF SEZGIN BARAN KORKMAZ |
| v. | : | |
| LEV ASLAN DERMEN, | : | |
| a/k/a Levon Termendzhyan, | | |
| | : | |
| Defendant. | | |
| | : | |
| | : | District Judge Jill N. Parrish |
| | : | Magistrate Judge Brooke C. Wells |

The United States hereby moves this Court to order the Defendant to provide reciprocal discovery, pursuant to Rule 16 and DUCrimR 16-1(c), and witness statements, pursuant to Rule 26.2 and DUCrimR 16-1(e), by August 12, 2019.

The United States has requested reciprocal discovery in each of the seventeen discovery letters accompanying the seventeen discovery productions in this case. To date, the United States

1

has received no reciprocal discovery. Additionally, while the United States produced 1501 exhibits on the original July 3, 2019 exhibit exchange deadline, Defendant Dermen provided no exhibits on or after the original July 3, 2019 exhibit deadline.

By providing Rule 16 discovery without requiring a specific request from the defense, the United States invokes a reciprocal obligation on the Defendants under DUCrimR 16-1(c), which states that the Defendants must allow the government to inspect and to copy the following, as further defined in Rule 16 of the Federal Rules of Criminal Procedure:

    a.    Documents and tangible objects the defendants intends to introduce as evidence at trial;

    b.    Reports of examinations and tests the defendants intend to introduce at trial or that were prepared by a witness whom the defendants intends to call at trial; and

    c.    A written summary of the testimony of any expert the defendants intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

The United States requests that the Defendant provide to the government by August 12, 2019, copies of the material referenced in this paragraph.[1] Further, the United States requests continuing compliance with the reciprocal discovery following the initial disclosure. The United States also hereby requests all written and recorded statements by any witness other than the defendant whom the defendant intends to call at trial, by deposition, or at a hearing covered by the Jencks Act or Rule 26.2 of the Federal Rules of Criminal Procedure.

---

[1] Other cases in this District appear to have ordered reciprocal discovery well in advance of the 14-day deadline of DUCrimR 16-1(c). See e.g. *United States v. Hoang*, 17-CR-444-JNP-PMW ECF 91 (ordering first production of reciprocal discovery to the government on 7/15/2019, more than three months prior to trial date, with reciprocal discovery to be completed by 9/28/2019, one month prior to trial, and ordering that "[f]ailure of the defendant to meet the discovery production deadlines will preclude use and admissibility of any such material at trial.").

Pursuant to Rule DUCrimR 16-1(e), "[w]here the government agrees, under an open-file policy or otherwise, to provide pretrial discovery of witness statements, or where the court orders production of grand jury materials or witness statements in accordance with 18 U.S.C. § 3500 et seq., and Fed. R. Crim. P. 26.2, the defendant must provide reciprocal pretrial discovery of witness statements to the government."

Pursuant to the Court's Trial Order, ECF 256, the United States produced the majority of its Jencks-type material by June 3, 2019. The remainder of the United States "high concern" Jencks-type material was produced on July 9, 2019, twenty days prior to the July 29, 2019 trial date. The United States is making continued productions of all Jencks-type material created or obtained during trial preparation. The United States voluntarily agreed to produce Jencks-type material eight weeks in advance of the first trial date, now fourteen weeks in advance of the current trial date, in order to streamline defense counsel's trial preparation and avoid undue delay at trial. *See* ECF 256. The United States requests that this Court similarly order defense counsel to produce Jencks-type material by August 12, 2019, four weeks before trial, with continuing production of Jencks-type material created or obtained during trial preparation. This will allow the United States to effectively prepare for trial and minimize undue delay resulting from last-minute and mid-trial production of Jencks.

This is particularly necessary to allow the United States to properly prepare for the deposition of defense witness Sezgin Baran Korkmaz at the proposed August 19, 2019 deposition. Rule 26.2 of the Federal Rules of Criminal Procedure requires that "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement

3

of the witness that is in their possession and that relates to the subject matter of the witness's testimony."

Based on the investigation, the United States has cause to believe that Defendant Dermen and Sezgin Baran Korkmaz were in regular contact for many years, likely by text message and email, and thus Defendant Dermen is almost certainly in possession of written communications of defense witness Sezgin Baran Korkmaz, relevant to his anticipated testimony. The United States respectfully requests that Defendant Dermen produce such statements no later than August 12, 2019, one week prior to the proposed deposition,[2] in order to avoid undue delay during the Rule 15 deposition of Sezgin Baran Korkmaz.

Finally, the United States respectfully requests this Court order Defendant Dermen to produce any exhibits for the August 19, 2019 deposition of Sezgin Baran Korkmaz no later than August 12, 2019, one week before the deposition.

Conclusion

For the foregoing reasons, the United States respectfully requests this court order Defendant Dermen to produce to the United States:

(1) reciprocal discovery by August 12, 2019, with continuing production during trial preparation, pursuant to Fed. R. Crim. P. 16 and DUCrimR 16-1(c);

(2) all Jencks-type material by August 12, 2019, pursuant to Fed. R. Crim. P. 26.2 and DUCrimR 16-1(e); and

---

[2] The United States provided the Jencks-type statement of Brendan Morrissey on May 31, 2019, five weeks before the Rule 15 deposition, and provided exhibits for the deposition on June 24, 2019, two weeks prior to the Rule 15 deposition.

(3) exhibits for the August 19, 2019 deposition of Sezgin Baran Korkmaz by August 12, 2019.

Respectfully submitted this 1st of August, 2019.

                                                                                                  JOHN W. HUBER
                                                                                                  United States Attorney

                                                                                                  */s/ Leslie A. Goemaat*
                                                                                                  LESLIE A. GOEMAAT
                                                                                                  ARTHUR J. EWENCZYK
                                                                                                  RICHARD M. ROLWING
                                                                                                  Special Assistant United States Attorneys
                                                                                                  JOHN E. SULLIVAN
                                                                                                  Senior Litigation Counsel

<u>Certificate of Service</u>

       I certify that on the 1st of August, 2019, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

                                            */s/ Leslie A. Goemaat*
                                            Leslie A. Goemaat
                                            Special Assistant United States Attorney