# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br>v.<br><br>LEV ASLAN DERMEN,<br> a/k/a Levon Termendzhyan,<br><br>     Defendant. | **MEMORANDUM DECISION & ORDER GRANTING MOTION FOR VIDEO-TAPED DEPOSITION UNDER FED R. CRIM. P. 15**<br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>District Judge Jill N. Parrish |

On July 31, 2019, the United States of America moved the court under Rule 15 of the Federal Rules of Criminal Procedure for an order permitting the video-taped deposition of Katirina Pattison ("Ms. Pattison") to be taken and preserved for use at trial. The motion is unopposed by the Defendant.

## DISCUSSION

The court may only grant a motion for a Rule 15 deposition "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). In deciding whether a case presents "exceptional circumstances," Tenth Circuit law directs the court to consider if: "(1) the witness' testimony [is] material; (2) the witness [will] be unavailable to testify; and (3) taking the deposition [is] necessary to prevent a failure of justice." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991). The court addresses these requirements below.

1. **Materiality**

The court first addresses whether Ms. Pattison's testimony is material. Defendant is under federal indictment for multiple felonies, *see* the Second Superseding Indictment (the "Indictment"), for allegedly conspiring to defraud the United States. The alleged conspiracy

centered around a scheme pursuant to which the Defendant, along with other co-conspirators, claimed renewable fuel tax credits administered by the IRS that were available only to blenders of biodiesel mixtures ("B99"). B99 is produced by mixing pure biodiesel ("B100") with at least 0.1% of regular diesel fuel. Producers that blend the mixture are entitled to a $1.00 credit for every gallon of B100 used to produce the biodiesel mixture. Defendant was allegedly part of a scheme whereby the conspirators purchased B99 and other products not eligible for refundable fuel tax credits, falsified records to disguise the B99 as B100, then resold the B99 and claimed the fuel tax credits.

The Government asserts that Ms. Pattison will testify about meetings that she had with the Defendant where they discussed purchasing B99 from Ms. Pattison's company, CIMA Green, so that the Defendant's co-conspirators could fraudulently claim tax credits on the fuel and sell it at a below-market rate to the Defendant. The court agrees that Ms. Pattison's proffered testimony would be highly probative as to the existence of the fraud. The court therefore finds that Ms. Pattison's testimony is material.

2. **Unavailability**

The court next turns to the issue of Ms. Pattison's availability. The court may order a deposition under Rule 15 only if the government can establish that "a substantial likelihood… exists that the proposed deponent will not testify at trial." *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). In this case, the Government has asserted that Ms. Pattison will not be available to testify at trial because of pregnancy-related travel restrictions. The Government has indicated that Ms. Pattison's doctor has advised Ms. Pattison that any travel she undertakes should be completed by the week of August 12, 2019. This trial is scheduled to begin on September 9, 2019—more than two weeks after Ms. Pattison has been advised to refrain from travel. Thus, the Court finds that Ms. Pattison would be unavailable for trial.

### 3. Interests of Justice

The court must next consider whether allowing the deposition is in the interest of justice. Tenth Circuit cases do not specifically address this inquiry. But the Eleventh Circuit has addressed the issue in *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). The Eleventh Circuit held that "[t]he principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." This court has already found that Ms. Pattison's testimony is material and highly probative. But that materiality must still be balanced against "countervailing factors which would render the taking of the deposition unjust." *Id.* at 1552.

The Government argues that Ms. Pattison's testimony is "critical to establishing Defendant Lev Dermen's knowledge of the false tax claims… which is directly probative of the *mens rea* elements of all charged counts." Docket No. 462. The court agrees with this assessment. The court therefore concludes that holding a deposition to preserve Ms. Pattison's testimony is in the interest of justice because it is material to this case and because her testimony directly relates to the charged counts.[1]

## ORDER

The court finds that there are exceptional circumstances justifying the need to record and preserve for trial the deposition testimony of Katirina Pattison, and that holding the deposition will serve the interests of justice.

The court **HEREBY GRANTS** the Government's motion for a Rule 15 deposition of Katirina Pattison to be held on August 13, 2019 at 10:00 am at the federal courthouse for the

---

[1] The Defendant will be present at the deposition. Therefore, the Confrontation Clause of the Sixth Amendment of the United States Constitution does not serve as a countervailing factor in this analysis.

3

District of Utah and recorded and preserved for use at trial. Magistrate Judge Brooke Wells will preside over the deposition.

Signed August 2, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge