JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
      leslie.a.goemaat@usdoj.gov
      richard.m.rolwing@usdoj.gov
      john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP-BCW |
| Plaintiff, | : | |
| v. | : | Supplemental Briefing as to United States Notice of Intent to Offer Evidence Pursuant to 404(b) Regarding Yakima Indian Tribe Scheme to Evade Taxes, Cash Payments to Foreign Government Officials, and Dermen's Fraudulent Obtainment of a Yakima Washington Driver's License |
| LEV ASLAN DERMEN, a/k/a Levon Termendzhyan, | : | |
| Defendant. | : | |
| | | District Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |

Now comes the United States of America, by and through its undersigned counsel, and respectfully submits this supplemental briefing.

At the September 3, 2019 pre-trial conference, the Court directed the government to submit additional briefing regarding the Defendant's alleged use of the Yakima Indian Tribe to

evade taxes. ECF 360 (Government's 404(b) Notice); ECF 561 (Court Order for supplemental briefing). The government hereby withdraws its notice of intent to offer evidence of the Yakima Indian Tribe tax evasion scheme, clarifies its intent to offer evidence of cash payments to foreign government officials, and withdraws its intent to offer evidence of Dermen's fraudulent use of a Yakima, Washington driver's license pursuant to Rule 404(b), and will instead cross-examine the Defendant regarding his fraudulent driver's license pursuant to Rule 608(b).

I.  Yakima Indian Tribe Tax Evasion Scheme

The United States has carefully considered the possible appellate issues inherent in presentation of 404(b) evidence as well as the Court's questions and argument at the September 3, 2019 pre-trial conference and respectfully withdraws its notice of intent to offer evidence pursuant to Rule 404(b) of Dermen's Yakima Indian Tribe scheme to evade taxes.

II. Attempts to Obtain Belizean Diplomatic Credentials and Transfers of Cash to Belizean Politicians

In the government's original 404(b) Notice, ECF 360 at 20, the United States noticed its intent to introduce evidence of Dermen's attempt to be credentialed as a Belizean diplomat in order to transport currency undetected. The United States hereby withdraws its notice of intent to offer this evidence pursuant to 404(b).

In its Supplemental 404(b) Notice, the government further noticed its intent to introduce evidence of Dermen's transfer of currency to Belizean government officials as intrinsic to the crimes charged. ECF 493 at 8-9. The United States still intends to offer evidence of Dermen's payments of cash to Belizean officials in its case-in-chief. Dermen's cash payments to Belizean government officials, and Jacob Kingston's payments on Dermen's behalf, is not 404(b) evidence but is inextricably intertwined with the charges in this case. The government expects Jacob Kingston to testify that Dermen made regular payments, approximately $25,000 monthly,

2

to a Belizean government official and that when Dermen could not make the payments, he would ask Kingston to make the payments on his behalf. Evidence of cash payments to international government officials is inextricably intertwined with the charges because it is directly relevant to Jacob Kingston's anticipated testimony that he believed Dermen's promises of an "umbrella" of government protection. Counsel for Dermen confirmed during pre-trial conference argument that he intends to paint Jacob Kingston's belief as "fantastical" (the government's term), and therefore Jacob Kingston's belief in the "umbrella," which formed the bedrock of their criminal conspiracy, is a relevant and contested fact of consequence. *See* Fed. R. Evid. 401 (Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action). Jacob Kingston's knowledge and participation in Dermen's cash payments to international government officials informed his belief in the "umbrella," and his belief that Dermen was protected, and therefore this evidence is "part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)) (internal quotation marks omitted). Kingston's belief in Dermen's "umbrella" was a necessary preliminary to the crimes charged, because the fraudulent claims for hundreds of millions of dollars of tax credits were made on the belief and confidence that Dermen's "umbrella" would protect him – a belief that was directly informed by the evidence of Dermen's corrupt international foreign transactions.

    III.    Dermen's Yakima, Washington Driver's License

At the September 3, 2019 pre-trial conference, the Court questioned the government as to the relevance of the Defendant's expired Yakima, Washington driver's license, which falsely claimed the Defendant resided in Yakima, Washington, at the home address of Robert Ramsey,

the owner of First American Petroleum. This license was issued in September 2011 and expired in August 2016. Thus, Dermen maintained this fraudulent driver's license during the course of the charged fraud. This evidence is relevant (1) to impeach Defendant Dermen's credibility if he testifies pursuant to Rule 608(b)(1) and (2) as part of a pattern of nominee usage pursuant to Rule 404(b).[1] However, based on the Court's questions and argument at the September 3, 2019 pre-trial conference, the United States has decided to withdraw its notice of intent to introduce this evidence in its case-in-chief pursuant to Rule 404(b), and to instead use it solely for impeachment of the Defendant pursuant to Rule 608(b).

"Rule 404(b) applies when other-acts evidence is offered as relevant to an issue in the case, such as identity or intent. Rule 608(b) applies when other-acts evidence is offered to impeach a witness, 'to show the character of the witness for untruthfulness,' or to show bias." *United States v. Tomblin*, 46 F.3d 1369, 1388 (5th Cir. 1995) (citations omitted); *see also United States v. Fairchild*, 46 F.3d 1152 (10th Cir. 1995) ("Clearly evidence of the appellant's failure to file tax returns is probative of truthfulness or untruthfulness and therefore is admissible under Rule 608."); *United States v. Girdner*, 773 F.2d 257, 261 (10th Cir. 1985) ("Under Rule 608(b) inquiry, cross-examination into the prior conduct of a witness concerning his character for

---

[1] The evidence at trial will show that the Defendant has a pattern and practice of holding assets and businesses in the names of third parties. For example, the Defendant's Bugatti – subject to a federal seizure warrant and currently missing – was registered in the name of his fuel company and to a P.O. Box in Montana. Further, the evidence will show that he received $33 million in fraud proceeds through the Republic of Turkey to a bank account for which his brother was a signatory. Witnesses will also testify that it was the Defendant's practice to hold property and assets in the names of other people. The United States expects Jacob Kingston to testify that the $134 million and $6 million transferred to the Republic of Turkey was money transmitted for the benefit of the Defendant, and largely held in Jacob Kingston's name. The government also expects the Defendant to contest this fact, and thus any evidence of the Defendant's use of nominees to hold assets or otherwise is relevant to a contested fact of consequence. Accordingly, the government previously submitted that this evidence is properly admissible pursuant to Rule 404(b) as relevant to plan, motive, and intent.

truthfulness is within the discretion of the trial court subject to Fed.R.Evid. 403. Appellant placed his credibility at issue when he took the stand.") (citation omitted); *United States v. Chevalier*, 1 F.3d 581, 583 (7th Cir. 1993) ("But by electing to testify, [the defendant] placed his credibility in issue. Thus, the government could introduce evidence relevant to whether [the defendant] was testifying truthfully, pursuant to Rule 404(b) (evidence of other crimes admissible for other purposes) and Rule 608(b)(1) (if probative of truthfulness).") (citation omitted); *United States v. Fulk*, 816 F.2d 1202, 1206 (7th Cir. 1987) (holding that under Rule 608(b) the court should have allowed the government to impeach the defendant regarding whether his chiropractor's license had been suspended for deceptive practices); *United States v. Howard*, 774 F.2d 838, 844–45 (7th Cir. 1985) (holding that Rule 608(b) allowed the government to question the defendant as to whether he had lied on employment applications); *United States v. Wilson*, 985 F.2d 348, 351-52 (7th Cir.1993) (holding that bribery, perjury and the defendant's failure to file income tax returns are acts of dishonesty within the scope of cross-examination under Rule 608(b)).

    The evidence at trial will show that Defendant Dermen has always resided in the Los Angeles, California area, and has never lived in Yakima, Washington. Dermen's fraudulent obtainment of a Yakima, Washington driver's license is evidence of his character for untruthfulness and is a valid basis to impeach his credibility, should he testify. This is permissible pursuant to Fed. R. Evid. 608(b)(1), which states that the court may, on cross-examination, allow specific instances of conduct to be inquired into "if they are probative of the character for truthfulness or untruthfulness of the witness."[2]

---

[2] The government notes that, "[u]nlike Rule 404(b), however, Rule 608(b) does not require advance notice of the prosecutor's intent to use specific instances of defendant's conduct to impeach the defendant when he testifies." *United States v. Tomblin*, 46 F.3d 1369, 1388 (5th Cir.

Accordingly, the government hereby withdraws its intent to introduce evidence of Dermen's fraudulent Yakima, Washington driver's license pursuant to Rule 404(b). *See* ECF 360 at 21. Instead, the government will cross-examine Defendant Dermen as to this fraudulent driver's license, should he testify and puts his credibility at issue, pursuant to Rule 608(b).

Respectfully submitted this 5th of September, 2019.

JOHN W. HUBER
United States Attorney

*/s/ Leslie A. Goemaat*
LESLIE A. GOEMAAT
RICHARD M. ROLWING
ARTHUR J. EWENCZYK
Special Assistant United States Attorneys
JOHN E. SULLIVAN
Senior Litigation Counsel

---

1995) (citing *United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980) ("No rule or rationale guarantees the defense advance knowledge of legitimate impeachment before it calls a witness."). The government submits that this evidence could be admissible pursuant to Rule 404(b), thus it was included in the government's 404(b) Notice, ECF 360. This evidence is also a valid basis for impeachment of the defendant on cross-examination pursuant to Rule 608(b), which does not require notice to the defense.

<u>Certificate of Service</u>

      I certify that on the 5th day of September 2019, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

<u>/s/ Leslie A. Goemaat</u><br>
Leslie A. Goemaat<br>
Special Assistant United States Attorney