IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>LEV ASLAN DERMEN,<br>  a/k/a Levon Termendzhyan,<br><br>                    Defendant. | **ORDER TO CONTINUE TRIAL, EXCLUDE TIME FROM THE SPEEDY TRIAL CALCULATION, AND AMEND THE TRIAL ORDER**<br><br>Case No. 2:18-cr-365<br><br>District Judge Jill N. Parrish |

      The court hereby modifies its previous Trial Order and **GRANTS** the Defendant's motion to continue the trial date. Docket No. 527. This case originally included five Defendants and was set for a jury trial to begin on July 29, 2019. On July 18, 2019, four of the five charged Defendants entered plea agreements with the Government, leaving only one Defendant, Lev Dermen, to be tried. On July 26, 2019, both parties moved to continue the trial date for 42 days and proposed an amended trial calendar. Docket No. 459. On July 30, 2019, the court granted the parties' motion to continue the trial date and issued an Amended Trial Order. Docket No. 461.

      On August 28, 2019, Defendant moved for an additional continuance of the trial date, citing delays in receiving discovery materials from the Government. At a pre-trial hearing on September 3, 2019, Defense counsel also cited significant changes in the Government's theory of the case and requested additional time to prepare an adequate defense. At the September 3, 2019 hearing, Defense counsel articulated the reasons a five-week continuance was necessary to prepare an adequate defense. Although the Government has disputed some characterizations made by Defense counsel regarding the "rolling" production of discovery materials, the Government has acknowledged the "unenviable situation" Defendant faces with the late-breaking developments in the case, Docket No. 550, and has deferred to the court as to the reasonableness of Defendant's request for a continuance. *Id*.

      Based upon these facts, the court concludes that the failure to grant the requested continuance of the trial would deny the defendant the reasonable time necessary for effectively and properly preparing for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The court therefore **ORDERS** that the Jury Trial in this matter be continued to October 10, 2019. The time between July 29, 2019 and the new trial date is excluded from the speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

The court hereby amends the previous trial order, Docket No. 461, as follows:

The final pre-trial conference in this matter is scheduled for **October 3 and 4, 2019 at 10:00 am in Room 8.200.** All counsel who will try the case must attend. This case is set for a jury trial to begin on **October 10, 2019 at 8:30 am in Room 8.200**. Jury selection will take place on **October 10 and 11, 2019**. 12 jurors and 4 alternate jurors shall be empaneled. It is anticipated that the jury will be sworn and opening statements will begin on **October 15, 2019.** The court has reserved time through November 22, 2019 to complete the trial. The attorneys are expected to **appear in court at 8:30 am** on October 10, 2019 for a brief pre-trial meeting. Trial will normally be held from approximately 8:30 a.m. to 4:30 p.m. Trial will not be held on the following dates: Monday, October 14 (Columbus Day); Friday, October 25; Friday, November 1; Friday, November 8; and Monday, November 11 (Veterans Day). The court may also find it necessary to occasionally recess prior to 4:30 if all necessary hearings in other cases cannot be accommodated on the days off.

Each trial day will consist of approximately 6 hours. The Government and Defendant shall each have 70 hours of trial time. All time that an attorney uses to give an opening statement, present closing argument, conduct direct examination or cross-examination of a witness, object to evidence, or make or argue motions shall be deducted from the allotted trial time. The court will use a chess clock to track the use of trial time.[1]

Counsel should also take note of the following amendments to the previous trial order:

| **Discovery and Jencks Act Material Deadlines**[2] | |
| --- | --- |
| September 9, 2019 | Government shall produce all remaining discovery material to Defense counsel. |
| September 16, 2019 | Defense counsel shall produce any existing reciprocal discovery of any Jencks Act-type material to Government. |

---

[1] The court will allow additional time only upon a showing of good cause.

[2] Any other materials, such as such as Memoranda of Interviews, will be produced to Defense counsel no later than four business days after the Government receives them. Although the Jencks Act does not require the Government to produce statements or reports of Government witnesses or prospective Government witnesses until after they have testified on direct examination, the Government has agreed to provide Jencks Act materials to Defense counsel no later than 48 hours before the witness testifies. The Government also represented at the September 3, 2019 pre-trial hearing that they will make every effort to produce Jencks Act material as it comes into the Government's possession. The Government will notify both Defense counsel and the court if the Government seeks to withhold this material until after a witness has testified.

| | |
|---|---|
| September 23, 2019 | Final deadline for Defense counsel to produce reciprocal discovery of Jencks Act-type material to Government. |
| **Motion to Compel Discovery Regarding Government Interference with Material Witnesses (Docket No. 559)** | |
| September 6, 2019 | Defense counsel to submit an *ex parte* filing relating to the Memoranda of Interviews of Jacob Kingston and Sezgin Baran Korkmaz. |
| September 6, 2019 | Government to submit, *in camera*, any communications the prosecution team has had with Sezgin Baran Korkmaz or his attorneys. |
| **Government's Notice of Intent to Introduce 404(b) Evidence (Docket No. 360)** | |
| September 6, 2019 | Parties shall file supplemental memoranda regarding 404(b) evidence. |
| September 13, 2019 | Parties shall respond to supplemental materials. |
| September 17, 2019 | Defendant shall file Objections to Government's Supplemental 404(b) Notice. |
| September 20, 2019 | Government shall respond to Defendant's Objections to Government's Supplemental 404(b) Notice. |
| October 3 and 4, 2019 | Court shall hear argument as to Supplemental 404(b) Notice. |
| **Defendant's Witness List** | |
| September 6, 2019 | Defense counsel shall provide witness list in current form to Government. |
| September 30, 2019 | Defendant shall submit final witness list to Government. |

| | |
|---|---|
| **Jury Instructions, Juror Questionnaire, and other Jury Issues** | |
| September 10, 2019 | Defense counsel shall submit Objections to Jury Instructions. |
| September 13, 2019 | Parties shall submit supplemental briefing regarding jury issues. |
| September 13, 2019 | Parties shall file supplemental briefing regarding joint proposed juror questionnaire and proposed questions from the bench. |
| September 25, 2019 at 10:00 am. | Court shall hear argument regarding jury instructions, juror questionnaire, and other jury issues. |
| **Exhibits** | |
| September 23, 2019 | Defense counsel shall submit Objections to Government's Exhibits. |
| September 27, 2019 | Government shall respond to Defendant's Objections. |
| October 1, 2019 | Parties shall file Exhibit List and Stipulated Exhibit List. |
| October 3 and 4, 2019 | Court shall hear argument as to contested exhibits. |
| **James Log** | |
| September 16, 2019 | Government shall file Amended James Log. |
| September 23, 2019 | Defense counsel shall file Objections to the James Log. |
| September 25, 2019 at 10:00 am. | Court shall hear argument regarding existence of conspiracies. |

| | |
|---|---|
| September 27, 2019 | Government shall file Response to Defendant's Objections to the James Log. |
| October 3 and 4, 2019 | Court shall hear argument as to contested James Log entries. |
| **Other Deadlines** | |
| September 9, 2019 | Defense counsel shall file an *ex parte* briefing to the court regarding Memorandum of Interview of Brendan Morrissey. |
| September 20, 2019 | Government shall file supplemental memorandum regarding availability of Katirina Pattison to testify at trial. |

Signed September 9, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge