Mark J. Geragos
California State Bar #108325
GERAGOS & GERAGOS
644 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 625-1600

Jon D. Williams (8318)
9 Exchange Place, Suite 600
Salt Lake City, UT 84111
Telephone: (801) 746-1460
Facsimile: (801) 998-8077

*Attorneys for Lev Aslan Dermen*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>LEV ASLAN DERMEN<br><br>   Defendant. | **DEFENDANT LEV DERMEN'S SUPPLEMENTAL OBJECTIONS TO JURY INSTRUCTIONS AND PROPOSED JURY INSTRUCTIONS**<br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>Honorable Jill N. Parrish |

Defendant Lev Aslan Dermen ("Mr. Dermen"), through counsel, hereby submits these Supplemental Objections to Jury Instructions pursuant to the Court's September 10, 2019, Order to Continue Trial, Exclude Time from the Speedy Trial Calculation, and Amend the Trial Order (Dkt. No. 577). Mr. Dermen moves to amend and supplement jury instructions regarding lifestyle and extravagant spending habits and requests a jury instruction stating that "upblending" is not a crime.

1

**ARGUMENT**

Mr. Dermen objects to the proposed jury instructions and requests the following proposed amended jury instructions regarding his lifestyle and spending habits. Mr. Dermen also seeks an additional instruction based on evidence that the government intends to introduce at trial regarding the lawful process of upblending.

## I.   DEFENDANT'S PROPOSED FINAL INSTRUCTION SHOULD BE MODIFIED TO PREVENT PREJUDICE

The government wishes to introduce evidence of Mr. Dermen's extravagant spending, dinner and restaurant habits, and expensive cars. Such evidence has no probative value, is highly prejudicial, will mislead the jury, and will waste court time. *See* Fed. R. Evid. 403. It is not a crime to be wealthy in this country, and it does not promote justice or serve any interest to try to use such wealth and class division as a wedge between the jury and Mr. Dermen. The fact that Mr. Dermen is wealthy does not "make a fact more or less probable that it would be without the evidence." Fed. R. Evid. 401. The Court should exclude the evidence.

In the recent case *United States v. Manafort*, 314 F. Supp. 3d 258 (D.D.C. 2018), the defendant Manafort engaged in extravagant lifestyle habits. *See* https://www.nytimes.com/2018/08/16/us/politics/paul-manafort-trial-jury-verdict.html . "The prosecutors first showcased evidence about Mr. Manafort's extravagant tastes. They hoped to illustrate how he had spent money from what they called secret foreign accounts even before they showed how he had opened and moved money through them." *Id.* As experts noted during the Manafort trial, "over-the-top expenditures are a surefire way to grab a jury's attention." *Id.* Such tactics have no place here.

The government's use of a defendant's wealth to appeal to class bias can be highly improper and can deprive that defendant of a fair trial. "Appeals to class prejudice are highly

improper and cannot be condoned and trial courts should ever be alert to prevent them." *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 239, 60 S. Ct. 811, 852, 84 L. Ed. 1129 (1940). "Indeed, because financial gain is the motive for committing almost all financial crimes, we must be careful not to ignore the real possibility that the extreme or extravagant wealth or spending was merely made possible by legitimate means." *United States v. Bradley*, 644 F.3d 1213, 1271 (11th Cir. 2011) (quotation omitted). "Otherwise, we run the risk of permitting the introduction of evidence that is probative of nothing more than the defendant's financial success." *Id.* While a court may have discretion to admit the evidence, nonetheless a limiting instruction is necessary to prevent undue prejudice and bias.

The Eleventh Circuit has held that such an instruction is necessary to limit excessive wealth testimony. In *United States v. Clay*, the district court allowed the government to introduce specific evidence of the defendants' compensation in order to prove motive. However the appellate court noted that "before the government presented any wealth evidence, the district court instructed the jury to consider such evidence only to the extent it established financial motive for the defendants to commit the charged offenses and for no other reason." *United States v. Clay*, 832 F.3d 1259, 1314 (11th Cir. 2016). "The district court further instructed the jury that the defendants' wealth had ***nothing to do with whether the defendants were guilty or innocent of the charges against them***." *Id*. (emphasis added). Even further, the court noted that "[t]he district court's jury instructions guarded against the chance that the jury would draw any impermissible inferences to the defendants' detriment.  As a result, the district court admitted only relevant evidence and took steps to mitigate any prejudicial effect." *Id*.

A district court in Kansas excluded evidence of the defendant's wealth where the government failed to show that the expenditures had no available legitimate sources and were not

unique to the period of the alleged illegal activity. "Financial gain is the motive for committing almost all financial crimes, drug dealing, robberies, etc. The problem with a general rule of permitting evidence of an affluent lifestyle to show 'motive' for committing a crime is that it ignores the real possibility that the extreme or extravagant wealth or spending was made possible by legitimate means and, if so, the introduction of such evidence would appeal solely to class prejudice." *United States v. Cooper*, 286 F. Supp. 2d 1283, 1291 (D. Kan. 2003) (quotation omitted). "Besides class prejudice related to spending money for plastic surgery, this case also presents a serious potential for inflaming moral prejudice against the defendants for spending money on gambling and strip clubs." *Id*. The evidence the government wishes to introduce in this case –expensive truffles and fast cars – is similarly offered only to inflame class prejudice.

The Sixth Circuit held that the failure to include a limiting instruction regarding evidence of extravagant spending and wealth "may have been error" where the government failed to rebut evidence that the defendant's wealth was legitimately-earned. *United States v. Cobbs*, 233 F. App'x 524, 539 (6th Cir. 2007) (unpublished). In *Cobbs*, the defendant gambled at legal casinos and filed tax returns, but his tax returns showed income that did not support the amount of money he spent at the casino, implying therefore that the money to support the lifestyle was not supported by legitimate sources. *Id*.

Here, although not clear, it does not appear that the government is arguing that Mr. Dermen's wealth is not legitimate. The government is just seeking to emphasize Mr. Dermen's wealth. There is no relevant basis for this evidence. "To be relevant and admissible, the lifestyle evidence must relate to wealth acquired during the period in which [the alleged crime] occurred." *Id*. at 538. Even if it was relevant, it is not more probative than prejudicial. Any unfair prejudice would not outweigh the probative value if the following factors are met:

> (1) there is other credible evidence, direct or circumstantial, of the illegal activity; (2) the money spent was not available to the defendant from a legitimate source; and (3) the accumulation of great wealth or extravagant spending relates to the period of the alleged illegal activity. Then the evidence would have been properly admitted to demonstrate, not just motive, but also a likelihood that the extra wealth came from illegitimate sources and to support an inference that the defendant committed the alleged crime.

*Id*. at 538-39.  Here, there is no credible evidence of the illegal activity against Mr. Dermen. Mr. Dermen earned his money from legitimate sources and hard work – he owns multiple gas stations in California.  Mr. Dermen has been wealthy since long before the government brought these charges or the alleged illegal activities took place. Mr. Dermen's wealth is simply not relevant or probative.

If evidence of Mr. Dermen's extravagant lifestyle is introduced, it is only in an attempt to prejudice the jury against Mr. Dermen and distract from the actual allegations and charges in this case. The Court should instruct the jury that any evidence of Mr. Dermen's lifestyle, spending habits, and wealth is not relevant to the determination of guilt or innocence. Such an instruction is necessary to preserve the impartiality of the jury and to keep the focus on the charges at issue. Even if the Court finds it is relevant, its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, and wasting time. F.R.E. 403.  A limiting instruction is therefore appropriate.

## II. IN THE EVENT THE GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE OF "UPBLENDING" AS 404(B) EVIDENCE, DEFENDANT REQUESTS THAT THE COURT INSTRUCT THE JURY THAT "UPBLENDING" IS NOT A CRIME

The government seeks to offer "evidence that Dermen was 'up-blending' B99 into the diesel fuel that was sold at his Los Angeles area gas stations in excess of levels permitted by the State of California."  (Doc 360 at 12.).  Significantly, "upblending" is not a crime in the state of

California in the context of Rule 404(b).  The state of California has specific statutes regulating

sale of motor vehicle fuels, including blended fuels.  The statutes regulating the fuel industry in

California are remedial, requiring proof of corrections if violated, and monitored by the

California Air Resources Board (CARB), a state regulatory empowered with enforcing civil

penalties only.  Upblending is not unlawful.  In fact, the term "upblending" is not a legal term

nor is it a term that would commonly be used in the petroleum industry.  "Upblending" is solely

a term that the prosecution team has created to describe the levels of B99 blended into diesel

fuel.  The jury is not responsible for determining the efficacy of administrative regulation under

California law. If such evidence is introduced at trial, the Court should instruct the jury that

upblending is not a crime. Mr. Dermen suggests the following instruction:

> **There has been testimony and evidence surrounding the term
> "upblending." Upblending is not a legal term. Upblending refers to
> the general and routine mixing of fuels of differing carbon intensity.
> The act of "upblending" is not illegal in and of itself.**

## CONCLUSION

Based on the foregoing, the Court should allow a modification of Mr. Dermen's proposed

jury instruction regarding wealth and an instruction stating that upblending is not a crime.

Dated: September 10, 2019.

<div style="margin-left: 50%;">

/s/ Mark J. Geragos
MARK J. GERAGOS
GERAGOS & GERAGOS
644 Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Email: geragos@geragos.com
*Attorneys for Lev Aslan Dermen*


Jon D. Williams (8318)
9 Exchange Place, Suite 600
Salt Lake City, UT 84111

</div>

Telephone: (801) 746-1460
Facsimile: (801) 998-8077

## CERTIFICATE OF SERVICE

I hereby certify that I filed a true and correct copy of the foregoing, on the case styled *United States of America v. Lev Aslan Dermen*, this 10th day of September, 2019, with the Clerk of the Court using CM/ECF, which sent notification of the filing to all parties registered to receive such notice in the case.

*/s/    Mark J. Geragos*