IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LEV ASLAN DERMEN,<br>    a/k/a Levon Termendzhyan,<br><br>    Defendant. | **MEMORANDUM DECISION & ORDER GRANTING MOTION FOR VIDEO-TAPED DEPOSITION UNDER FED R. CRIM. P. 15**<br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>District Judge Jill N. Parrish |

On December 18, 2019, Defendant Lev Dermen ("Defendant") moved the court under Rule 15 of the Federal Rules of Criminal Procedure for an order permitting the video-taped deposition of Umut Uygun, a foreign witness residing in the Republic of Turkey, to be taken in Vienna, Austria and preserved for use at trial. The motion is not opposed by the Government. The court may only grant a motion for a Rule 15 deposition "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). And if a deposition is to be taken outside the United States without the Defendant present, the court must also make certain case-specific findings. Specifically, the court must find:

    (A) the witness's testimony could provide substantial proof of a material fact in a felony prosecution;

    (B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained.

    (C) the witness's presence for a deposition in the United States cannot be obtained;

    (D) the defendant cannot be present because:

        (i) the country where the witness is located will not permit the defendant to attend the deposition;

1

>>(ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or
>>
>>(iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; and
>
>(E) the defendant can meaningfully participate in the deposition through reasonable means.

Fed. R. Crim. P. 15(c)(3).

## I. DISCUSSION

### A. EXCEPTIONAL CIRCUMSTANCES & INTEREST OF JUSTICE

The court may only grant a motion for a Rule 15 deposition "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). In deciding whether a case presents "exceptional circumstances," Tenth Circuit law directs the court to consider if: "(1) the witness' testimony [is] material; (2) the witness [will] be unavailable to testify; and (3) taking the deposition [is] necessary to prevent a failure of justice." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991). The court first addresses these requirements and then turns to the additional case-specific inquiries that the court must make under Rule 15(c)(3) before ordering that a deposition be conducted internationally outside of a defendant's presence. *See* Fed. R. Crim. P. 15(c)(3).

#### 1. Materiality

The court first addresses whether Ms. Uygun's testimony is material. Defendant Dermen is under federal indictment for multiple felonies, *see* the Second Superseding Indictment (the "Indictment"), for allegedly conspiring to defraud the United States. The alleged conspiracy centered around a scheme pursuant to which Defendant, along with other co-conspirators, claimed renewable fuel tax credits administered by the IRS that were available only to blenders of biodiesel

mixtures ("B99"). B99 is produced by mixing pure biodiesel ("B100") with at least 0.1% of regular diesel fuel. Producers that blend the mixture are entitled to a $1.00 credit for every gallon of B100 used to produce the biodiesel mixture. Defendant was allegedly part of a scheme whereby the conspirators purchased B99 and other products not eligible for refundable fuel tax credits, falsified records to disguise the B99 as B100, then resold the B99 and claimed the fuel tax credits.

Ms. Uygun is a resident of the Republic of Turkey. According to the defense, Ms. Uygun has been an employee of Sezgin Baran Korkmaz[1] for approximately seven years.[2] The defense alleges that Ms. Uygun was directly involved with communicating with Jacob Kingston, Defendant Dermen's alleged co-conspirator, regarding Mr. Kingston's international investments. The defense argues that Ms. Uygun's testimony may provide exculpatory material for Defendant Dermen. The defense also contends that Ms. Uygun will provide relevant testimony regarding the following aspects of the case:

- The purchase of BioFarma, the corporate entity that is central to documents produced by the Government of Luxembourg pursuant to a Mutual Legal Assistance Treaty ("MLAT") request;

- The ownership status of Mega Varlik, a corporate entity based in Istanbul, Turkey;

- Whether Mr. Korkmaz was able to channel any business to Jacob Kingston from his connections with the Turkish government; and

- Defendant Dermen's involvement in the mail fraud scheme with respect to a $11.2 million loan.

---

[1] Mr. Korkmaz is Defendant Dermen's business associate and operates many of the Turkish-based foreign entities involved in this case. The court had previously granted a motion by the defense to depose Mr. Korkmaz; however, on the eve of the scheduled deposition, Mr. Korkmaz notified the parties that he would no longer attend the deposition. Because Mr. Korkmaz is also a citizen and resident of the Republic of Turkey, the court cannot exercise its subpoena power to compel him to testify at a deposition in the United States or at trial.

[2] The court has previously found by a preponderance of the evidence that both Ms. Uygun and Mr. Korkmaz were members of a lawful joint venture to invest money in Turkey. Docket No. 642.

Based on the representations made by the defense, the court finds that Ms. Uygun's testimony is material.

2. **Unavailability**

The court next turns to the issue of Ms. Uygun's availability. The court may order a deposition abroad under Rule 15 only if the defense can establish that there is a "*substantial likelihood* that the witness's attendance at trial cannot be obtained." Fed. R. Crim. P. 15(c)(3)(B) (emphasis added). While the defense does not have to establish that the witness *will be* unavailable at trial,[3] the defense is required to establish that the witness is unavailable for a deposition in the United States. *Id.* at (c)(3)(C) ("[T]he witness's presence for a deposition in the United States cannot be obtained."). And although Rule 15 no longer defines availability by cross-referencing the Federal Rules of Evidence, Rule 804(a)(5), which governs the deposition's admissibility at trial, the rule still provides useful guidance because it bears on the "exceptional circumstances" inquiry.[4]

A witness is unavailable if he or she is "is absent" and "the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804(a)(5). Here, it is undisputed that Ms. Uygun, who lives in Turkey, is not subject to the court's subpoena power to appear at trial. Accordingly, her presence, either at a deposition in the United States or at trial, cannot be secured by "process." Thus, the court finds that Ms. Uygun

---

[3] In contrast, unavailability must be established in order for the government to use the deposition at trial under Rule 804 of the Federal Rules of Evidence. A ruling ordering a deposition does not also decide admissibility. *See* Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.").

[4] See *United States v. Martinez*, 198 F. App'x 704, 711 (10th Cir. 2006) ("Although a district court may consider unavailability in deciding whether to allow a deposition . . . , Rule [15] speaks in terms of 'exceptional circumstances' and 'the interest of justice.' On the other hand, when it comes to admitting the deposition, the government has the burden of proving that the witness is unavailable." (internal citation removed)); *see also United States v. Fuentes–Galindo*, 929 F.2d 1507, 1509–10 (10th Cir.1991) (analyzing "unavailable" under the pre-2012 amendments that removed the cross-reference to Rule 804); *see also* Fed. R. Crim. P. 15 advisory committee's note to 2012 amendment (explaining that the 2012 amendment was designed to clarify that a Rule 15 order "does not predetermine admissibility at trial.").

is unavailable both for a deposition in the United States and for trial because she is beyond the subpoena power of the United States.

### 3. Interests of Justice

The court must next consider whether allowing the deposition is in the interests of justice. Tenth Circuit cases do not specifically address this inquiry. But the Eleventh Circuit has addressed the issue in *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). There, it held that "[t]he principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Id*. This court has already found that Ms. Uygun's testimony is material. But that materiality must still be balanced against "countervailing factors which would render the taking of the deposition unjust." *Id.* at 1552.

In this case, the defense has represented that Ms. Uygun was directly involved with many of Jacob Kingston's international investments. Additionally, Ms. Uygun's connection to Mr. Korkmaz, a witness who has refused to participate in a Rule 15 deposition, makes her testimony all the more valuable. The court therefore concludes that holding a deposition to preserve Ms. Uygun's testimony is in the interests of justice because it is material to this case and because of the potentially exculpatory nature of such testimony.

## B. CASE-SPECIFIC FACTORS

Because the defense has moved for Ms. Uygun's deposition to be held in Vienna and outside of Defendant Dermen's presence, under Rule 15 the court must also make certain case-specific findings before it may grant the motion. *See* Fed. R. Crim. P. 15(c)(3).

### 1. Materiality and Unavailability

The first three case-specific requirements that the government must establish are that:

> (A) the witness's testimony could provide substantial proof of a material fact in a felony prosecution;

>(B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained; and
>
>(C) the witness's presence for a deposition in the United States cannot be obtained.

*See* Fed. R. Crim. P. 15(c)(3). The first requirement concerns materiality. As previously discussed, the court finds that the Defense has established that Ms. Uygun's testimony is material. The defense has also established (B) and (C) by showing that Ms. Uygun will be unavailable, both for a deposition in the United States and for trial.

### 2. Defendant Cannot Be Present

The defense must also establish that "the defendant cannot be present" because "the country where the witness is located will not permit the defendant to attend the deposition," and:

>(ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or
>
>(iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; . . .

Fed. R. Crim. P. 15(c)(3)(D).

In this case, Defendant Dermen is in custody pending trial. The court has already held that there are no conditions of release that could ameliorate the risk of his flight. *See* Docket Nos. 234 and 261. By moving the court to hold this deposition without the Defendant's physical presence, the Defendant has stipulated that he will not be able to attend the deposition in person. For the Defendant to attend the deposition, he would need permission from the Republic of Austria to enter the country and "secure transportation and continuing custody" would need to be arranged, posing a host of logistical problems. Thus, the court finds that Defendant Dermen cannot be present at the deposition because his secure travel and continuing custody cannot be assured.

### 3. Meaningful Participation

The final element that the government must establish is that "the defendant can meaningfully participate in the deposition through reasonable means." Fed. R. Crim. P. 15(c)(3)(E). Defense counsel has proposed that the deposition be live-streamed to a courtroom in the United States District Court for the District of Utah where Defendant may view the deposition and have a member of his legal defense team present. The court finds that a live-streamed video conference will allow Defendant's meaningful participation.

### ORDER

The court finds that there are exceptional circumstances justifying the need to record and preserve for trial the deposition testimony of Umut Uygun, a resident of the Republic of Turkey, and that holding the deposition will serve the interests of justice. Furthermore, the deposition may be held without the presence of Defendant because all conditions of Fed. R. Crim. P. 15(c)(3) have been met.

The court **HEREBY GRANTS** the government's motion for a Rule 15 deposition of Umut Uygun to be held in Vienna and recorded and preserved for use at trial according to the following conditions:

1. Counsel for all parties should meet and confer to agree upon the date and time for the deposition to take place, bearing in mind the time difference between Austria and Utah. The parties shall inform the court of the agreed upon time within fourteen days of this order.

2. Defense counsel shall make the arrangements necessary to live-stream the deposition to a courtroom in the United States District Court, District of Utah, where Defendant Dermen may be present with an attorney to watch and participate in the deposition.

Signed December 23, 2019

                                        BY THE COURT

                                        _____

                                        Jill N. Parrish
                                        United States District Court Judge