JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
       leslie.a.goemaat@usdoj.gov
       richard.m.rolwing@usdoj.gov
       john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP-BCW |
| Plaintiff, | : | |
| v. | : | GOVERNMENT'S MOTION TO USE EXHIBITS AND DEMONSTRATIVES DURING OPENING STATEMENT |
| LEV ASLAN DERMEN, | : | |
| a/k/a Levon Termendzhyan, | : | District Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |
| Defendant. | : | |

Now comes the United States of America, by and through its undersigned counsel, and respectfully moves this Court for authorization to use certain trial exhibits and demonstratives during its opening statement.

**I.    Applicable Law**

Courts generally permit the use of demonstrative exhibits and pre-admitted trial exhibits during opening statement. "Use of a chart in opening statement is generally permissible, since it is not evidence, and as the purpose of the opening argument is to give a broad outline of the case

and facts to be proved, a visual outline of a party's argument is not significantly different from an oral outline. A chart, like an opening statement, must avoid reference to matters that cannot be proved or would be inadmissible as evidence. The use of charts in a complex conspiracy case can significantly assist the jury." *United States v. Fried*, 881 F.2d 1077 (6th Cir. 1989) (citations omitted). The Third Circuit has explained that "[d]emonstrative exhibits may be used in opening statements as long as the prosecution 'avoids references to matters that cannot be proved or would be inadmissible.'" *United States v. Bush*, 741 F. App'x 110, 117–18 (3d Cir. 2018) (citing *United States v. De Peri*, 778 F.2d 963, 979 (3d Cir. 1985)). "To begin, we take notice that such charts are often employed in complex conspiracy cases to provide the jury with an outline of what the government will attempt to prove." *United States v. De Peri*, 778 F.2d 963, 979 (3d Cir. 1985); *see also United States v. Castaldi*, 547 F.3d 699, 705 (7th Cir. 2008) (court did not abuse its discretion in allowing the use of a mug shot in a demonstrative exhibit during opening statement).

The use of demonstrative evidence is governed by Rule 611, which indicates that the "court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth." Fed. R. Evid. 611. The 2011 Advisory Committee Notes explain that "Item (1) restates in broad terms the power and obligation of the judge as developed under common law principles. It covers such concerns as whether testimony shall be in the form of a free narrative or responses to specific questions, McCormick §5, the order of calling witnesses and presenting evidence, 6 Wigmore §1867, *the use of demonstrative evidence*, McCormick §179, and the many other questions arising during the course of a trial which can be solved only by the judge's common sense and fairness in view of the particular circumstances." Fed. R. Evid. 611, Advisory Comm. Notes,

2011 Amendment, ¶ 2 (emphasis added).

The Tenth Circuit has held that "it is within the discretion of the Trial Court, absent abuse working to the clear prejudice of the defendant, to permit the display of demonstrative or illustrative exhibits admitted in evidence both in the courtroom during trial and in the jury room during deliberations." *United States v. Downen*, 496 F.2d 314, 320 (10th Cir. 1974); See *United States v. Hohn*, 606 F. App'x 902, 909 (10th Cir. April 1, 2015) ("Absent *abuse which clearly prejudices* the defendant, the district court has discretion to permit the display of demonstrative exhibits during trial.") (emphasis added).

The jury should be given a limiting instruction with respect to demonstrative exhibits. For example, Tenth Circuit Pattern Instruction No. 1.41, "Summaries and Charts Not Received in Evidence," reads, "Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts." This instruction should be given to the jury with regard to demonstrative evidence used in opening statements and at trial.

II.     **Exhibits and Demonstratives in the Government's Opening Statement**

The United States seeks permission to use the following demonstratives and exhibits during opening statement. Drafts of these demonstratives and exhibits are attached hereto. Please note that the government has been modifying and updating its summaries in response to oral argument during the January 13, 2020 exhibit hearing. Final exhibits and demonstratives will be provided to the Court and defense counsel prior to opening statement. The United States has a good faith basis to believe each of the exhibits will be admitted at trial and that the demonstratives accurately and summarize the expected testimony to be adduced at trial without "abuse working to the clear prejudice of the defendant[.]" *Downen*, 496 F.2d at 320.

| Ex # | Description | Defendant Objection | Exhibit to Motion |
|---|---|---|---|
| n/a | Demonstrative of Total Fraudulent Claims | n/a | 1 |
| n/a | Demonstrative of Biodiesel Production, Tax Credits, and RINs | n/a | 2 |
| 15-1 | Demonstrative of Panama Project | Defense withdraws hearsay objection, reserves relevance objection, and maintains foundation objection. [ECF 752] | 3 |
| (Old) 3-4 | Demonstrative of India/NOIL project Part I | n/a | 4 |
| (Old) 3-4 | Demonstrative of India/NOIL project Part II | n/a | 5 |
| 4-10 | Email from Jacob Kingston to Katirina Pattison | No objection [ECF 683] | 6 |
| 6-44.3 | Photo of Jacob Kingston, Lev Dermen, private plane, and gold Ferrari | Defense maintains FRE 403 objection. [ECF 752] | 7 |
| 5-70 | Photo of Deryl Leon, Jacob Kingston, and private plane | No objection [ECF 683] | 8 |
| 3-9 p. 9 | Demonstrative of $588M cycling | n/a | 9 |
| 2-2 | Summary of Financial Transactions Between WRE and SBK Holdings USA | Defense objects to improper and argumentative FRE 1006 summary, and under FRE 403 as it is prejudicial and confuses the jury as to the funds transferred. Id. see above exhibit 1-10, United States v. Irvin, 682 F.3d 1254, (10th Cir. 2012). [ECF 752] | 10 |
| 2-1 | Summary of Financial Transactions | Defense objects to improper and argumentative FRE 1006 summary, and under FRE 403 as it is prejudicial. Id.  see above exhibit 1-10, United States v. Irvin, 682 F.3d 1254, (10th Cir. 2012). [ECF 752] | 11 |
| 2-3 | Summary of International Wire Transfers | No objection [ECF 683] Hearsay as to handwritten notes contained on the underlying documents and emails; Rule of completeness; and Foundation/Authenticity. [ECF 775] | 12 |

| | | | |
|---|---|---|---|
| 2-9 | Speedy Lion Renewable Fuel Investments Signature Page | No objection [ECF 683] | 13 |
| n/a | Demonstrative of Turkish Transfers | n/a | 14 |
| 6-62.15 | Text messages between Jacob Kingston and Lev Dermen | Defense maintains foundational, hearsay, and FRE 403 objections. [ECF 775] | 15 |
| 6-44.1 | Photo of Bugatti and Ferrari | Defense objects on FRE 403 grounds. [ECF 752] | 16 |
| 3-1 | Flow of Funds relating to Kazi loan (Counts 3-7) | Defense objects pursuant to FRE 403. [ECF 752] | 17 |
| 8-1 | Flow of Funds relating to purchase of 2072 E. Creek Rd. (Count 8) | Defense objects to improper and argumentative FRE 1006 summary and prejudicial under FRE 403 and confuses the jury as to the depiction of the diagram and the flow of funds. Id. see above exhibit 1-10, United States v. Irvin, 682 F.3d 1254, (10th Cir. 2012). [ECF 752] | 18 |
| 6-183 (now 6-62.11 p. 5) | Photo of 2072 E. Creek Rd., Bugatti, and gold Ferrari | No objection [ECF 683] | 19 |
| 9-3 | Flow of Funds relating to transfer of $483,000 to bank account in the name of Levon Termendzhyan (Count 9) | Defense objects to improper FRE 1006 summary as it is argumentative, prejudicial under FRE 403 and confuses the jury as to the depiction of the diagram and the flow of funds. Id. see above exhibit 1-10, United States v. Irvin, 682 F.3d 1254, (10th Cir. 2012). [ECF 752] | 20 |
| 2-3 p. 34 | Bank of Utah $483,000 wire request form | No objection. [ECF 683]. Hearsay as to handwritten notes contained on the underlying documents and emails; Rule of completeness; and Foundation/Authenticity. [ECF 775] | 21 |
| 6-62.7 pp. 3-5 | Text messages between Jacob Kingston and Lev Dermen | Defense maintains foundational, hearsay, and FRE 403 objections. [ECF 752] [ECF 775] | 22 |
| 7-1 at pp. 40-41 | Text messages between Jacob Kingston and Isaiah Kingston | No objection [ECF 683] | 23 |
| 10-1 | Flow of Funds relating to Huntington Beach house (Count 10) | Defense objects to improper FRE 1006 summary as it is argumentative, prejudicial under FRE 403 and confuses the jury as to the depiction | 24 |

| | | of the diagram and the flow of funds. Id. see above exhibit 1-10, United States v. Irvin, 682 F.3d 1254, (10th Cir. 2012). [ECF 752] | |
|---|---|---|---|
| 6-90 | Photos of Huntington Beach house | Defense withdraws objections [ECF 752] | 25 |
| 6-79 p. 26 | Viscon Invoice | Hearsay [ECF 683]; Defense withdraws hearsay objection [ECF 752] | 26 |

### III. Conclusion

Accordingly, the United States respectfully requests a pre-trial ruling allowing the use of the attached demonstratives and trial exhibits during the Government's opening statement. The Court heard oral argument as to each of the contested trial exhibits at the January 13, 2020 exhibit hearing. The attached summaries are new draft summaries which attempt to address the defendant's concerns as discussed at the January 13, 2020 hearing. Final summaries will be provided to the Court and the Defendant upon completion.

Additionally, the United States requests production of any exhibits or demonstratives to be used by Defense in their opening statement.

Respectfully submitted this 19th of January 2020.

JOHN W. HUBER
United States Attorney

*/s/ Leslie A. Goemaat*
LESLIE A. GOEMAAT
RICHARD M. ROLWING
ARTHUR J. EWENCZYK
Special Assistant United States Attorneys
JOHN E. SULLIVAN
Senior Litigation Counsel

Certificate of Service

       I certify that on the 19th day of January 2020, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

       */s/ Leslie A. Goemaat*
       Leslie A. Goemaat
       Special Assistant United States Attorney