JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
          leslie.a.goemaat@usdoj.gov
          richard.m.rolwing@usdoj.gov
          john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP-BCW |
| Plaintiff, | : |  |
| v. | : | GOVERNMENT'S SUPPLEMENTAL |
|  | : | POSITION REGARDING JURY NOTE |
| LEV ASLAN DERMEN, | | AND CURATIVE INSTRUCTION |
| a/k/a Levon Termendzhyan, | : |  |
| Defendant. | : | District Judge Jill N. Parrish |
|  |  | Magistrate Judge Brooke C. Wells |

Now comes the United States of America, by and through its undersigned counsel, and

respectfully provides this supplemental position regarding the note received by a juror.

The government previously deferred to the Defendant as to whether a curative instruction

should be issued. *See* ECF 802. At a hearing on February 5, 2020, the Defendant requested no

instruction and so no instruction was given by the court.

However, the government has considered the effect of not responding to the juror's

question and is concerned the juror may believe that the Court has passed on the note to counsel

and that counsel are therefore aware of the request for clarification on various subjects. As such,

the government requests the Court respond to the note as follows:

> **I have received a note from a juror. I have not shared it with the prosecution
> or the defense, as evidence is still being presented to you. I am going to
> respond to it as follows:**
>
> As I instructed you earlier, the government will offer its evidence, and after the
> government's evidence, the defendant's lawyer may present evidence, but he is not
> required to do so.
>
> You are to consider all the evidence received in this trial. It will be up to you to
> decide what evidence to believe and how much of any witness's testimony to
> accept or reject. After you have heard all the evidence on both sides, the
> government and the defense will each be given time for their final arguments.
>
> I also remind you that you should not discuss this case among yourselves until I
> have instructed you on the law and you have gone to the jury room to make your
> decision at the end of the trial. It is important that you wait until all the evidence
> is received and you have heard my instructions on the controlling rules of law
> before you deliberate among yourselves. Let me add that during the course of the
> trial you will receive all the evidence you properly may consider to decide the
> case.

Tenth Circuit Pattern Instruction 1.1 (non-bolded portion is selections from 1.1). Pattern

Instruction 1.1 was filed as ECF 802-1, with portions relevant to the proposed curative

instruction highlighted.

Respectfully submitted this 6th of February 2020.

JOHN W. HUBER
United States Attorney

*/s/ Leslie A. Goemaat*
LESLIE A. GOEMAAT
RICHARD M. ROLWING
ARTHUR J. EWENCZYK
Special Assistant United States Attorneys
JOHN E. SULLIVAN

Senior Litigation Counsel

<u>Certificate of Service</u>

I certify that on the 6th day of February 2020, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

> */s/ Leslie A. Goemaat*
> Leslie A. Goemaat
> Special Assistant United States Attorney