Mark J. Geragos
California State Bar #108325
GERAGOS & GERAGOS
644 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 625-1600

Jon D. Williams (8318)
9 Exchange Place, Suite 600
Salt Lake City, UT 84111
Telephone: (801) 746-1460
Facsimile: (801) 998-8077

*Attorneys for Lev Aslan Dermen*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LEV ASLAN DERMEN<br><br>  Defendant. | **DEFENDANT LEV DERMEN'S MOTION FOR A MISTRIAL**<br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>Honorable Jill N. Parrish |

Defendant, Lev Aslan Dermen, by and through Counsel, submits this Motion for Mistrial. The defense respectfully submits that Mr. Dermen's Constitutional rights are in serious and unique jeopardy and a mistrial should be immediately declared in this matter. During the course of the last seven weeks of this trial, the world has watched the emergence of COVID-19 ("coronavirus"), a public health crisis and World Health Organization declared pandemic, that has spawned federal and local declared states of emergency. The new normal has wide ranging ramifications on employment, school closures, child-care, travel, availability of food, water, and healthcare, and life saving measures. These core elements of daily life have been impacted dramatically because of the rapid community spread of this disease epidemic and the world's collective efforts to contain it. As this pandemic unfolds and exponentially grows by the hour, inevitably causing fear that is reasonable in every American, absent the declaration of a mistrial our jurors will be tasked with continuing their duties and responsibilities as fact-finders in a

complex criminal matter with very serious implications for this defendant while being in close quarters in direct violation of every medical directive to socially distance.  Every single Federal and local health official has directed, and in many cases mandated, that Americans practice "social-distancing," and to maintain at least a six-foot physical distance from other human-beings. If a mistrial is not declared and if deliberations continue, these jurors will be required to sit in close quarters, touch and handle documents, and interact closely in proximities already deemed to be medically dangerous for hours every single day.  Any verdict that results from these conditions would be unreliable, not the product of the unfettered deliberative process and we would be horribly remiss to not consider the obvious fact that jurors will rush through their responsibilities as the fact-finders to simply be physically released from a medically unhealthy, perhaps life threatening environment.  Given the grave national and state emergency declared, and the unique and unprecedented dangerous environment the jurors in this case face, a mistrial is required, with a new future trial date should be scheduled consisting of jurors free from concerns of life, disease, and death.

The nation is working remotely to avoid community spread of the pandemic which by all accounts appears to be growing exponentially within the state of Utah, nationally, and globally. The Court and parties in this case witnessed this first-hand in this courtroom when Jurors number 1 and 10 were dismissed within a week of each other after Juror 1reported flu-like and fever symptoms and Juror 10 was diagnosed with pneumonia and appeared in a face mask for his last trial days. Given the directives from every reputable health official, and world and local leaders alike as to the response and measures that should be adopted by all Americans and humans alike, it is beyond reckless to require these jurors to deliberate in a small room, handle documents, and speak and work in close proximity to one another.  This is especially significant in this case given that two of the jury members have already been excused for medical reasons consistent with the characterizations that Americans have been ordered to be cautious about. Moreover, their working environment flies in the face of the 'social distancing' that medical experts are ordering of the public. These jurors are certainly not exempt from the national medical consensus on how to respond and measures to adopt. In addition, health and government officials have already in the last few hours ordered those over the age of 60 to be homebound. This order would impact not only at least  three (3)  of the remaining sitting jurors but at least

two of the defense team and one of the prosecution team as well.

Critically, as it concerns Lev Dermen and his Constitutional right to a fair and impartial jury, allowing jurors to deliberate in the face of a national emergency caused by an unprecedented viral pandemic in a life threatening environment inevitably impacts their focus and duty as fact finders. In fact, compelling jurors to deliberate in this environment would be akin to asking jurors to deliberate as the smoke emerges from the floorboards and a fire is slowing consuming the jury room, ignoring the danger that surrounds them.

A third individual voir dire of the jurors will also not suffice. For reasons not the fault of Mr. Dermen, this court has already engaged in an individual inquiry of each sitting juror in this case on two separate occasions. This was the result of reports made by a court security officer that were independent of any motion or request on the part of Mr. Dermen. This report by the CSO and the subsequent revelation that an "ad" from a magazine was affixed to the jury room door caused two individual interrogations of our sitting jury members. A third inquiry of these jurors will cause the jurors to turn on this process all together and feel as if they are on the receiving end of an attack by this Court and the parties. Thus this Court cannot effectively individually voir dire each juror about the rapidly deteriorating events that have transpired concerning COVID-19, and it has affected his or her ability to deliberate fully and carefully consider the evidence free of the concerns for their own health and safety or of their families. As of the time of this writing all public schools in Utah have been closed. In addition, counsel for the defense has contacted the University of Utah Division of Infectious Diseases who counsels specifically that anyone over 60 avoid any social / public gatherings, poorly ventilated spaces and to stay at home as much as possible; and if impossible to avoid gathering, CDC recommends a minimum of 6 feet between people. Obviously that on its face prohibits deliberations. *See Exhibit A, March 15, 2020 Corresp., from Susana Keeshin, M.D., Division of Infectious Diseases, University of Utah.*

In addition, any individual inquiry is limited by HIPPA protections as to the status of their physical and mental health. It almost goes without saying that an inquiry will not only invade the sacred province of juror deliberations as contemplated by FRE Rule 606 but also jeopardize Mr. Dermen's rights to a fair and impartial jury.

Proceeding with the present trial poses grave, irreversible risks to all participants. As the Court is aware cases of COVID-19 are exponentially growing every hour, including in the State of Utah. That growth, by all accounts, mirrors growth in Italy which has been presented with 13,802 cases in just the last week. Anjali Singhvi et al., *How the World's Largest Coronavirus Outbreaks Are Growing,* N.Y. Times, Mar. 12, 2020, https://www.nytimes.com/interactive/2020/world/coronavirus-maps-italy-iran-korea.html. The National Basketball Association (NBA) cancelled the rest of NBA season because two Utah Jazz Players, Rudy Gobert and Donovan Mitchell have contracted the virus. https://www.nba.com/article/2020/03/11/nba-suspends-season-virus-outbreak-ap. In Mr. Dermen's trial, two jurors were excused due to severe illness. Juror No. 10, an older gentleman, was apparently diagnosed with pneumonia and came to court wearing a face mask – this is precisely the respiratory ailment the virus manifests. Juror No. 1 was excused because of illness so severe she self reported that she could not continue and her symptoms mirror those of the virus. Once excused even after the Court invitation for the jurors to move over and occupy Juror 10's now empty seat, no remaining juror was willing to sit in the seat. It is obvious that jurors are rightfully concerned.

The 10th Circuit issued an order over the weekend precluding anyone that has any symptoms or has been exposed to someone that may have the virus from even entering the Byron White courthouse let alone deliberate in closed quarters. In addition the 10th Circuit Order theoretically prohibits members of the defense team and arguably the prosecution from attending further court proceedings. Significantly the defendant himself who has been housed at the Salt Lake County Jail, as of this weekend may be exposed to the virus as the Salt Lake City jail is preparing for a potential outbreak. https://www.fox13now.com/news/local-news/salt-lake-county-jail-prepares-for-potential-coronavirus-cases.

Courts, on both the state and federal level everywhere in the United States have postponed the start of any new trials and have declared mistrials in ongoing criminal cases.[1] On

---

[1] The presiding Judge for the Superior Court of Los Angeles issued a statement on March 13, 2020 which will be in effect March 16, 2020 stating that the "The trial judge for any jury trial in session may exercise his or her discretion to either continue the trial or declare a mistrial". "All

March 14, 2020 it was reported in local Utah news, that there have been reports of "community spread," in this community after reports that an individual contracted the disease despite having no travel history or known prior contact with an infected person. https://www.fox13now.com/homepage-showcase/new-case-of-coronavirus-in-utah-signals-community-spread.

      The community spread is concerning because excused Jurors number 1 and 10 involved in this trial had contact with other jurors, court security officers, and court staff. The indefinite

---

Criminal jury trials, where statutory time has been waived, should be continued for at least 30 days" http://www.lacourt.org/newsmedia/uploads/142020313164225COVID-19NewsReleaseMarch132020.pdf

In the State of Rhode Island on March 6, 2020, A judge declared a mistrial in a child molestation case after a juror hearing another case in a nearby courtroom was sent home with an illness. https://www.usnews.com/news/best-states/rhode-island/articles/2020-03-06/judge-declares-mistrial-after-juror-goes-home-sick

In the District Court of Utah, Chief Judge Robert J. Shelly issued and signed Order# 20-008 on March 12, 2020 which states: "Any person may not enter the court house if: If they have traveled to, reside with, or have had close contact with someone who has been to any of these countries within the last 14 days: Italy, Iran, South Korea, China, Any other area with widespread transmission. If they have been asked to self-quarantine by any physician, hospital, or healthcare agency. If they have been diagnosed with or have had close contact with anyone who has been diagnosed with COVID-19. If they are experiencing signs of a fever, a cough, or shortness of breath". https://www.utd.uscourts.gov/sites/utd/files/General%20Order%2020-008.pdf

The United States District Court Central District of California issued a statement on March 13, 2020 that parallels the District Court of Utah and also states: "Effective immediately, the Court will not call in jurors for service in civil or criminal jury trials until April 13, 2020 or otherwise ordered by the Court. All civil and criminal jury trials in the Central District of California scheduled to begin during this time period are continued pending further order of the Court. The Court may issue other orders concerning future continuances as necessary and appropriate." https://www.cacd.uscourts.gov/sites/default/files/documents/Press%20Release%20-%20Coronavirus%20Measures.pdf

In the United States District Court Middle District of Pennsylvania, Chief Judge Christopher C. Conner issued Order #20-21 on March 13, 2020 which states: All hearings and proceedings in all civil and criminal matters within sixty (60) days of this order that would involve the physical presence of counsel or any party or individual before the Court are continued except if the proceeding is a trial in a criminal matter and the proceeding is one that cannot permissibly be delayed or continued under federal law; or the proceeding is conducted by video or audio teleconference with approval of the Court; or other exigent circumstances are found by the Court to exist. https://www.pamd.uscourts.gov/sites/pamd/files/general-ordes/2020-001_0.pdf

incubation period means infected parties may be asymptomatic with a real and present risk. A strict reading of the Chief Judge 's order in this District since Health agencies have already spoken on the issue.

In addition, all parties, attorneys and staff, including the jury, come from all over Salt Lake City, and the State of Utah and counties throughout and across the United States.  Many have used mass transit and commercial airlines and have traveled interstate throughout the course of this trial.  In fact, counsel for both the Prosecution and Defense have travelled internationally as late as January of 2020 in connection with this case.  Participants in this trial, both attorneys, Marshalls and jurors have already been exposed to community spread while housed in local hotels where robust convention traffic has been ongoing for the first six weeks of this trial and even as recently as last week.  It is conceivable and entirely probable that more than one person has been exposed or already contracted the virus.  More notably, to now require parties or jurors to travel to the courthouse and work in a confined space which is on its face in violation of the CDC directives, violates not only Court Orders in this district, Circuit and Courts throughout the United States but is a direct affront to all known medical knowledge currently available to the public.  This medically unsafe risk has no justification from a safety perspective and to proceed as business as usual is literally a violation of medical directives issued by every responsible agency. The undersigned, for their part, are anxious about the possibility of putting themselves and their families at risk while most of the nation works from home.

The prejudice to the Defendant is manifest and patently obvious. Members of the jury are undoubtedly aware of the developments surrounding the pandemic. The Court has no way to assure the jury is safe from the virus while deliberating in this case.  It is evident from all accounts that testing is limited.[2]  The jury will no doubt be scared, irritated, and/or angry about

---

[2] Aylin Woodward & Skye Gould, *One chart shows how many coronavirus tests per capita have been completed in 8 countries. The US is woefully behind,* Mar. 9, 2020, https://www.businessinsider.com/coronavirus-testing-covid-19-tests-per-capita-chart-us-behind-2020-3 ("Compared with many other countries affected by the coronavirus, in fact, the US has done the fewest COVID-19 tests per capita."); Laura Santhanam, *The reason US. COVID-19 numbers aren't higher? Not enough tests,* PBS NewsHour, Mar. 12, 2020, https://www.pbs.org/newshour/health/the-reason-u-s-covid-19-numbers-arent-higher-not-enough-tests.

having to commute to the trial and deliberate in a confined space. That anger and fear will translate to an unfair trial for the Defendant. Had this trial begun last week or set to begin tomorrow does anyone doubt it would have been postponed? Of course it would have been.

This poses a grave risk of prejudice to the Defendant. The subject matter of this trial is stressful and complex in relatively normal times. A week ago the Salt Lake Tribune characterized this case as "one of the strangest Utah has seen" See *The Washakie trial — featuring polygamy, fraud, corruption and all-star lawyers — is one of the strangest Utah has seen,* https://www.sltrib.com/news/politics/2020/03/08/polygamy-fraud-corruption/. In the present pandemic environment, it is impossible to predict how the jury will react. That unpredictability poses a grave risk to the Defendant's right to a fair trial and a reliable verdict, reached by jurors unconcerned about their lives and those of their families, which risk did not exist when jury selection began.

Accordingly, the undersigned respectfully request that this Court declare a mistrial. When it comes to safety, all attorneys, court personnel, defendants, and jurors should be on equal footing. It is unfair to all parties for the justice system to put the parties involved in the present trial at such grave risk. Jury service is essential, but should not be punitive.

This is uncharted territory and the COVID-19 is a danger without fully defined parameters. The most immediate way to battle it at this stage is to first try for containment, which is now the national directive. The fact is nobody has any idea what we are faced with.

Counsel for defendant is concerned that the events which have transpired since the commencement of jury deliberation on March 12, 2020, certainly weigh heavily on each juror, as they do on the parties. The defense is concerned that the jurors, in a desire to comply with the goal of containment, will be affected in their deliberations. This in turn directly impacts Mr. Dermen's right to a jury trial by a fully fair and impartial jury under the due process clause of the United States Constitution.

Dated: March 15, 2020

                                                        Respectfully Submitted,

                                                        /s/ Mark J. Geragos
                                                        MARK J. GERAGOS
                                                        GERAGOS & GERAGOS

644 Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Email: geragos@geragos.com
*Attorneys for Lev Aslan Dermen*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed a true and correct copy of the foregoing, on the case styled *United States of America v. Lev Aslan Dermen*, this 15th day of March, with the Clerk of the Court using CM/ECF, which sent notification of the filing to all parties registered to receive such notice in the case.


*/s/     Mark J. Geragos*