JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
      leslie.a.goemaat@usdoj.gov
      richard.m.rolwing@usdoj.gov
      john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP-BCW |
| Plaintiff, | : | GOVERNEMNT'S RESPONSE TO DEFENDANT'S MOTION FOR A MISTRIAL (ECF 899) |
| v. | : | |
| LEV ASLAN DERMEN, | : | District Judge Jill N. Parrish |
| a/k/a Levon Termendzhyan, | : | Magistrate Judge Brooke C. Wells |
| Defendant. | : | |

The United States respectfully requests that the Court deny Defendant's motion for mistrial.

### I.   District of Utah and State of Utah Guidelines

The District of Utah has promulgated official guidelines to address COVID-19 and has "implemented protective measures and protocols to respond to the Coronavirus (COVID-19)." United States District Court for the District of Utah Homepage, https://www.utd.uscourts.gov/. These measures are "[c]onsistent with the Center for Disease Control and Prevention (CDC)

Interim Guidelines for Business and Employers and the Utah Department of Health recommended strategies." *Id.* Having carefully considered both federal and state guidelines, this Court has determined that the closure of the courthouse is not necessary. The District of Utah has issued a thorough order regarding how to proceed with current court proceedings in light of COVID-19, and the Court properly followed that order. *See* District of Utah Coronavirus Disease 2019 (COVID-19) Response Plan, https://www.utd.uscourts.gov/district-utah-coronavirus-disease-2019-covid-19-response-plan.

While the government recognizes the seriousness of the COVID-19 epidemic, the defendant's motion for a mistrial is excessive and unwarranted. As of this morning, there are a total of 28 confirmed COVID-19 cases in the State of Utah. *See* State of Utah Coronavirus Task Force Latest News Webpage, https://coronavirus.utah.gov/latest/. The State of Utah has implemented statewide measures to limit the spread of COVID-19. These include: (1) limiting mass gatherings of more than 100 people, (2) avoiding participation in groups of more than 20 people for individuals who are over the age of 60 or are immunocompromised, and (3) encouraging teleworking where possible. *See* State of Utah Coronavirus Task Force "Protect Yourself" Webpage, https://coronavirus.utah.gov/protect-yourself/.

In light of the specific circumstances in Utah, and consistent with federal and state directives, the Utah State Courts, like the United States District Court for the District of Utah, have decided that a complete closure of courts is not warranted. According to its webpage, "[t]he Utah Judiciary is committed to the open, fair, and efficient administration of justice under the law." Utah Courts Homepage, https://www.utcourts.gov/alerts/. Other than the Salt Lake City Justice Court, "the courts [including the Matheson Courthouse] remain open to conduct business." *Id*.

2

The government notes that all twelve jurors reported for deliberations this morning, all appeared to be in good health, and further the jury rendered a verdict at approximately 1:30 PM today. Further, it has been seven days since Juror No. 10 was excused on account of pneumonia and fourteen days since Juror No. 1 was excused on account of the flu. These conditions to do not appear to have spread to any other members of the jury. At all times, the jury's deliberations were in accord with the District of Utah Coronavirus Disease 2019 (COVID-19) Response Plan and the guidance set forth by the State of Utah Coronavirus Task Force.

## II.    Case Law

The Defendant cites no case law in support for his motion for mistrial. While the undersigned can find no case law directly relating to jury deliberations during the possible spread of an infectious disease, the Court can analogize to jury deliberations during other pending disasters or emergencies.

In an unpublished habeas case, the Southern District of Mississippi rejected petitioner's claim that his counsel was ineffective for failing to move for a mistrial because the jury was deliberating during the approach of Hurricane Katrina:

> In Part J, Dahl claims counsel was ineffective because he failed to move for a mistrial or new trial in light of the jury's deliberation taking place during the approach of hurricane Katrina. Dahl claims that "surely once [the jury] became aware of the size of Katrina they were eager to get home and secure their property and evacuate." (Pet. [2–1] 20.) He further urges that the pressure resulting from news broadcasts about Katrina "was bound" to rush the jury to a verdict. The jury deliberated from 11:06 a.m. to 3:38 p.m. on August 26, 2005, three days before Katrina's landfall. (S.C.R., vol.2, p. 947, 49). The Court once again acknowledges that "[c]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel." *U.S. v. Demik*, 489 F.3d 644, 646 (5th Cir.2007). The claim that jurors were "bound" to be influenced by a category one hurricane over the Florida Keys and they "surely" rushed their judgment is the epitome of a conclusory allegation. In addition, Dahl presented no evidence before the Court that the jury was affected in any way by the storm's approach. This Court finds Dahl's claims insufficient to raise a cognizable claim and finds no merit to Dahl's claim in Part K.

*Dahl v. King*, No. 1:09CV298-HSO-JMR, 2011 WL 7637258, at *18 (S.D. Miss. Sept. 9, 2011), report and recommendation adopted, No. 1:09-CV-298HSO-JMR, 2012 WL 1072201 (S.D. Miss. Mar. 29, 2012).

For its part, the Tenth Circuit upheld a denial of a defendant's motion for mistrial after a juror received a letter, then a bomb threat, and then a defense witness assaulted a juror. The jury was *voir dired* and all indicated they could proceed impartially. *See United States v. Evans*, 542 F.2d 805, 816 (10th Cir. 1976). The Tenth Circuit noted that it was well-settled law "the grant or denial of a motion for mistrial is within the sound discretion of the trial court. When the motion is grounded on the contention that disruptive incidents have prejudiced the jury, the applicable standard is whether there was an impingement upon the right of the appellant to be tried before a fair and impartial jury." *Id.* at 815 (citations and quotations omitted).

The Tenth Circuit addressed the possibility of time pressure in an unpublished opinion, *United States v. Alvarez-Pasillas*, where the Tenth Circuit held,

> [W]e cannot say that it was an abuse of discretion to order the jury to resume deliberations after [a juror] revealed that she acquiesced in the verdict due to time pressures. When polled, [the juror] did not state that she was certain that Mr. Alvarez–Pasillas was not guilty, only that she felt that she had to change her verdict because other jurors wanted to return home. This is precisely the type of problem that can be cured by allowing the jurors to return home for the evening and reconvene the following morning for additional deliberations. Indeed, even defense counsel conceded that "a good night's sleep might help all [the jurors]." Furthermore, the record reveals that after deciding to have the jury resume deliberations, the district court judge reminded the jury about the importance of reaching a decision based on the evidence rather than extraneous factors. The jury never stated it was deadlocked and ultimately reached a verdict only after an additional three hours of deliberation. Accordingly, we have no basis for thinking the district court abused its discretion.

159 F. App'x 42, 45 (10th Cir. 2005).

In *LaFrank v. Rowley*, the Eighth Circuit denied habeas relief where the trial court denied

a mistrial motion after the jury learned of a bomb threat, where the appellant "argued that the bomb threats distracted and frightened the jury and that the jury rushed to a decision because it deliberated for only 25 or 35 minutes before returning the guilty verdict." *LaFrank v. Rowley*, 340 F.3d 685, 688 (8th Cir. 2003). The Eighth Circuit "agree[d] with the district court that the state court decisions were not contrary to and did not involve an unreasonable application of clearly established federal law and were not based on an unreasonable determination of the facts," noting that only one venire person expressed any concern and he was excused for cause. *Id.* at 690.

In *Atwood v. Mapes*, the Court denied habeas relief where the jury learned of an anonymous threat against the jurors and other court participants unless the jury reached a particular verdict. The District Court held that the judge's communication to the jury about an anonymous telephone threat made against trial participants the day closing arguments were given did not result in prejudice to petitioner or compromise the impartiality of the jury. *Atwood v. Mapes*, 325 F. Supp. 2d 950 (N.D. Iowa 2004), aff'd, 142 F. App'x 961 (8th Cir. 2005). The Eighth Circuit affirmed. *Atwood v. Mapes*, 142 Fed. App'x. 961 (8th Cir. 2005).

### III.  Conclusion

For the foregoing reasons, the United States requests this Court deny the Defendant's motion. Here, there is absolutely no basis to the Defendant's claim that he was denied a fair and impartial jury. *Evans*, 542 F.2d at 816. Members of this jury have not been shy in raising questions and concerns with the Court, including regarding health issues. The jury did not send any notes regarding the COVID-19 epidemic and accordingly there is no basis to conclude that it played any role in their deliberations. Further, the jury's decision to adjourn on Thursday evening and resume deliberations on Monday morning demonstrated that the members of the

jury did not feel they were under any undue time pressure to render a verdict. In short, there is absolutely no evidence to conclude that the COVID-19 epidemic impinged on the Defendant's right to a fair and impartial jury in any way. The Defendant's motion should be denied.

Respectfully submitted this 16th day of March, 2020.

                                        JOHN W. HUBER
                                      United States Attorney

                                      */s/ Leslie A. Goemaat*
                                      LESLIE A. GOEMAAT
                                      RICHARD M. ROLWING
                                      ARTHUR J. EWENCZYK
                                      Special Assistant United States Attorneys
                                      JOHN E. SULLIVAN
                                      Senior Litigation Counsel

<u>Certificate of Service</u>

  I certify that on this 16th day of March, 2020, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

               */s/ Leslie A. Goemaat*
               Leslie A. Goemaat
               Special Assistant United States Attorney