IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB KINGSTON, ISAIAH KINGSTON, LEV DERMEN, RACHEL KINGSTON, and SALLY KINGSTON,<br><br>    Defendants. | ORDER TO GIVE NOTICE AS TO WHAT PROPERTY WILL BE THE SUBJECT OF THE FORFEITURE PHASE OF THE JURY TRIAL<br><br>Case No. 2:18-cr-00365-JNP<br><br>District Judge Jill N. Parrish |

      The Government has moved for a preliminary order of forfeiture for multiple pieces of property. ECF No. 1021. Among the items sought are a home located in Huntington Beach, California, a Bugatti Veyron, and a Lamborghini Aventador. Under subdivision (d) of the Government's list of properties, the Government also requested forfeiture of "[a]ny and all assets purchased or investments made using proceeds, whether through Washakie Renewable Energy, United Fuel Supply, or through SBK Holdings USA, Inc., or SBK Holding AS (Turkey), or Speedy Lion Renewable Fuel Investments, LLC, and any gains from those investments." ECF No. 1021-1 at 2. Within this broad category of property, the Government listed 11 specific items or categories of items.

      Defendant Dermen opposed in part the Government's motion for forfeiture. ECF No. 1077. He argued that since he requested a jury determination as to the forfeitability of property, the court should not include certain items in any preliminary order of forfeiture. Specifically, Dermen asserted that the forfeiture phase of the jury trial should resolve the forfeitability of the Huntington

Beach property, the Bugatti, the Lamborghini, and "[a]ny and all assets purchased or investments made using proceeds through SBK Holdings USA, Inc., or Speedy Lion Renewable Fuel Investments, LLC, and any gains from those investments." ECF No. 1077 at 2.

Based upon Dermen's response brief, it is not possible to discern which, if any, of the items listed under subdivision (d) of the Government's list of properties Dermen claims an interest in for the purposes of the forfeiture proceedings. The court intends to order the forfeiture of only specific pieces of property, not general categories of property such as "assets purchased or investments made using proceeds through" a specific business entity. Accordingly, the court requires Dermen to identify which, if any, of the specific properties listed under subdivision (d) of the Government's list of properties that he claims should be included in the forfeiture proceedings before the jury.

The Government also filed a Fifth Bill of particulars that lists additional properties that it seeks to seize. ECF No. 1116. Dermen has not yet had an opportunity to state whether he wishes to have a jury determine the nexus issue as to these properties.

The court ORDERS Dermen to list the specific pieces of property that he wishes to include in the forfeiture phase of his jury trial. Dermen shall respond by September 30, 2020. If the Government believes that the law authorizes it to decide which properties will be included in the forfeiture phase of the jury trial, it may respond by October 7, 2020.

DATED September 18, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge