JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
          leslie.a.goemaat@usdoj.gov
          richard.m.rolwing@usdoj.gov
          john.e.sullivan@usdoj.gov
          adam.elggren@usdoj.gov
          cy.castle@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP-BCW |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Government's Objections to Defendant's |
| | : | Proposed Forfeiture Jury Instructions |
| LEV ASLAN DERMEN, | : | |
|   a/k/a Levon Termendzhyan, | : | |
| | | District Judge Jill N. Parrish |
| Defendant. | : | Magistrate Judge Brooke C. Wells |

Now comes the United States of America, by and through its undersigned counsel, and respectfully files its objections to the Defendant's proposed forfeiture jury instructions. ECF 1122 ¶ 3. On October 9, 2020, the parties filed joint proposed forfeiture jury instructions identifying points of contention. ECF 1135-1. Here, the government provides the basis for its objections to the defendant's requests, as summarized in the footnotes of ECF 1135-1.

Footnote 2 (Instruction No. 1): Criminal forfeiture is based on the specific crimes of conviction and the statutory forfeiture authorized by those crimes of conviction. Therefore, the jury must be clearly instructed that it is their duty to determine whether there is a nexus, i.e. a connection, between the property in question and the crimes for which the Defendant is convicted. The Defendant's request to strike the government's proposed language to replace with "You must decide whether there is a nexus, or connection between the following property and crimes" is legally insufficient because it does not instruct the jury that they must decide if there is a nexus to the *crimes of conviction* and because it does not tell the jury what the crimes of conviction are.

Footnote 3 (Instruction No. 1): Defendant requests the deletion of "by the Defendant or entities under his control" in paragraph 12. The properties enumerated in Instruction No. 1 are the properties that the government is seeking to forfeit as noticed in the Sixth Bill of Particulars. Given the government seeks forfeiture "SBK Holding, AS and all the property transferred by the Defendant or entities under his control to SBK Holding, AS," it would be improper to provide the jury with an instruction that mischaracterizes the property at issue. The Defendant's proposed redaction significantly expands the scope of paragraph 12 beyond the government's bill of particulars to include *all* property transferred to SBK Holding, AS by *any* person or entity.

Footnotes 7 and 9 (Instruction No. 1): Defendant requests the deletion of the government's proposed language to be replaced with his own proposed language.

> Government's proposed language: "The government must establish its right to the forfeiture of property under these statutes by a preponderance of the evidence. Your final task is to determine whether the Government has established the required nexus, or connection, between the property and the offenses committed by Mr. Dermen. In other words, you must find whether that property is connected to the underlying crime in the way the statute provides."

> Defendant's proposed language: "The burden rests on the government to establish the nexus between the property forfeited and an offense of conviction that authorizes forfeiture."

The government's language clearly articulates the standard of proof and the jury's task to determine whether the government has proven a nexus between an offense committed by the Defendant and the property *in the way the statute provides.* This is important because for each property there are at least two theories of forfeiture under which the jury could find a nexus, which are clearly laid out in each of the Special Verdict Forms. The Defendant's proposed language removes the standard of proof, an integral part of the instructions, and replaces clear language regarding the Defendant's offenses with the generic "offense of conviction." This language is too vague to properly instruct the jury that they must find a nexus between the property and *the Defendant's crimes,* not any offense for which someone have been convicted. While the Defendant's language is not incorrect, it fails to instruct the jury with sufficient specificity. This is particularly important, here, where the jury heard significant testimony regarding other defendants' offenses of conviction (namely Jacob and Isaiah Kingston) and it is critical that the instructions clearly instruct the jury that they must find a nexus between the properties at issue and the crimes for which the Defendant was convicted.

> Footnote 11 (Instruction No. 2): The Defendant requests deletion of the sentence instructing the jury that their previous finding of guilt is final, conclusive, and binding, and that they may not discuss or re-examine their finding of guilty. *See United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (stating that, at forfeiture phase of proceedings, defendant's guilt "was no longer a live issue" and could not be reopened). If the jury is not clearly instructed that they are not to re-consider their previous finding of guilty, this may cause significant confusion. It would be improper at this stage for the jury to re-visit the question of the Defendant's guilt.

Footnote 13 (Instruction No. 2): Defendant requests deletion of the government's proposed instruction that "[u]nlike the trial, however, the rules of evidence do not apply to this hearing, and I can admit any evidence that I find to be reliable and relevant." The rules of evidence do not apply at the forfeiture trial because it is a sentencing proceeding. Instead, the Court may admit any evidence that it deems "relevant and reliable." *See* Fed. R. Crim. Proc. 32.2(b)(1)(B); *see also* ECF 374 at 8 (explaining admissibility of evidence at forfeiture trial). The jury observed seven weeks of trial involving argument regarding the admissibility of exhibits and testimony including repeated hearsay objections. The jury was also provided with various limiting instructions regarding evidence that are no longer applicable. This line of instruction is intended to preempt any confusion that may result from the differing standards of admissibility of evidence between the guilt phase and the jury phase of the trial.

Footnote 14 (Instruction No. 3): The defendant requests deletion of the first two sentences explaining that the court's previous instruction that the government must prove its case "beyond a reasonable doubt" does not apply here. The defendant also requests deletion of the sentence explaining that preponderance of the evidence is a lower burden of proof than "beyond a reasonable doubt." It is critically important that the jury understand the distinction between the "beyond a reasonable doubt" standard during the guilt phase and the "preponderance of the evidence" standard during the forfeiture phase. The Defendant's requested deletions would leave the jury with no frame of reference between the two differing standard of proof, and could result in the jury applying an incorrect standard of proof in its evaluation of the evidence.

The Defendant also states his intention to file a brief challenging the "preponderance of the evidence standard." That standard is clearly established by black letter law. *See United States*

4

*v. Bader*, 678 F.3d 858, 893–94 (10th Cir. 2012) ("[A] forfeiture judgment must be supported by a preponderance of the evidence.").[1]

Footnote 15 (Instruction No. 3): Defendant requests insertion of the language: "It is not sufficient for the United States to prove that its version of the events 'might' be true, or even to prove that it is 'as likely to be true' as another version." This language appears to be from a District of Colorado case, *United States v. Thomas Bader* 2009 WL 3794503 (D.Colo.). The jury instruction at issue in that case – the language requested by the Defendant here – cites only to the practice standards of Judge Marcia Krieger of the District of Colorado, where the language appears without citation.[2] The government respectfully submits that the Court should use a definition of preponderance of the evidence based on language upheld by the Tenth Circuit and as set forth in the Tenth Circuit Pattern Jury Instructions. *See* Tenth Circuit Criminal Pattern Jury

---

[1] The courts of appeals agree that forfeiture must be supported by a preponderance of the evidence. *See e.g. United States v. Cox*, 851 F.3d 113 (1st Cir. 2017) (as part of the sentence, forfeiture must be proven by a preponderance of the evidence, not beyond a reasonable doubt); *United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999) (because forfeiture is part of sentencing, and factfinding at sentencing is established by a preponderance of the evidence, the preponderance standard applies to criminal forfeiture); *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) ("[T]he government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence."); *United States v. Gasanova*, 332 F.3d 297, 301 (5th Cir. 2003) ("We therefore join all other circuit courts of appeals to consider the question and conclude that statutorily-prescribed forfeiture is warranted upon a showing of a preponderance of the evidence."); *United States v. Smith*, 966 F.2d 1045, 1052 (6th Cir. 1992) ("the government must prove that property is subject to criminal forfeiture under section 853(a) by a preponderance of the evidence"); *United States v. Smith*, 770 F.3d 628, 637 (7th Cir. 2014) ("The Government therefore has the ultimate burden of establishing the forfeitures by a preponderance of the evidence."); *United States v. Efthimiatos*, 603 F. App'x. 503, 506 (8th Cir. 2015) (Burden is on government to establish the forfeitability of property by a preponderance of the evidence);*United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (because forfeiture is part of sentencing, preponderance standard applies to all § 853(a) forfeitures);
[2] http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civil.pdf.

Instruction § 1.05.1 (February 2018) ("Preponderance of the evidence is evidence sufficient to persuade you that a fact is more likely present than not present); *see also Harvey By & Through Harvey v. Gen. Motors Corp.,* 873 F.2d 1343, 1350 n.2 (10th Cir. 1989) ("To establish by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true."). Further, the Defendant's proposed language is confusing because it describes what the burden *isn't* rather than what it *is.* In addition, the use of the word "version" is a misnomer, as the jury is not deciding on the government's "version," but is deciding whether the government has proved a nexus under the applicable forfeiture standard for each enumerated piece of property. Because the Defendant cannot proffer support for this articulation and because it is a confusing articulation without support in the Tenth Circuit, the government objects.

The Defendant also requests insertion of "If the United States fails to meet this burden, your verdict must be for the defendant." This articulation, while correct, is too simplistic because it fails to account for the existence of a Special Verdict Form for each piece of property and fails to account for the multiple questions articulating multiple theories of forfeiture on each of the Special Verdict Forms.[3] The last paragraph of this instruction properly instructs the jury as to how to fill out to the Special Verdict Form:

---

[3] A more correct articulation in the vein of the defendant's request would be, "For each property, if the United States fails to meet its burden of proving the property was involved in a money laundering offense, your verdict must be for the defendant as to the question of whether the government has proven forfeiture under the money laundering theory. If the United States fails to meet its burden of proving the property was proceeds of or traceable to the Count 1 mail fraud conspiracy, your verdict must be for the defendant as to the question of whether the government has proven forfeiture under a proceeds theory."

When answering the question asked on the Special Verdict form, if you find that the United States' forfeiture claim is more likely true than not true, you should answer that question with a "Yes." If, however, the evidence appears to be equally balanced or in favor of the defendant's position, then you must answer that question with a "No."

Footnote 22 (Instruction No. 5): Defendant requests insertion of "Tracing is part of the government's burden." In support, Defendant cites *United States v. Evanson*, No. 2:05CR00805 TC, 2008 WL 3107332, at *3 (D. Utah Aug. 4, 2008) (unpublished). The government objects because this concept is already properly articulated in the previous sentence of this proposed instruction: "In other words, for each of these properties, real or personal, you must decide whether the government has met its burden of proving by a preponderance of the evidence that the property constitutes or is derived from proceeds traceable to the crime for which the jury convicted Mr. Dermen: Mail Fraud Conspiracy (Count 1)." Further, tracing is only part of the government's burden when proceeding on a proceeds theory of forfeiture under Count 1. Strict tracing is *not* part of the government government's burden when proceeding on an "involved in" theory of forfeiture under money laundering, and the Defendant's proposed statement could confuse the jury by seeming to instruct the jury that for all forfeiture the government must prove tracing; this is not so. *E.g. United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998) ("Property 'involved in' an offense includes the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense.") (internal quotations omitted). Indeed, even *United States v. Evanson,* cited by the Defendant in support for his requested language, recognizes the nuance of that proposition under proceeds forfeiture by immediately following it with the caveat: "[b]ut the government need not link the property to be forfeited to a particular transaction." *United States v. Evanson*, No. 2:05CR00805 TC, 2008 WL 3107332, at *3 (D. Utah Aug. 4, 2008) (unpublished). Should the court agree with the Defendant's request, the government requests that the Court clearly

7

instruct that tracing is part of the government's burden under a proceeds theory of forfeiture and also instruct in accordance with *Evanson*: "Tracing is part of the government's burden under a proceeds theory of forfeiture. But, the government need not link the property to be forfeited to a particular transaction."

      Footnote 23 (Instruction No. 6): The Defendant objects to the government's instruction regarding money laundering and stated its intention to file its own proposed Instruction No. 6. As of the date of this filing, the Defendant has not filed a proposed Instruction No. 6.

      Respectfully submitted this 16th of October 2020.

<div style="margin-left:40%">

JOHN W. HUBER
United States Attorney

*/s/ Leslie A. Goemaat*
LESLIE A. GOEMAAT
RICHARD M. ROLWING
ARTHUR J. EWENCZYK
Special Assistant United States Attorneys
JOHN E. SULLIVAN
Senior Litigation Counsel
ADAM S. ELGGREN
CY H. CASTLE
Assistant United States Attorneys

</div>

Certificate of Service

I certify that on the 16th of October 2020, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.


*/s/ Leslie A. Goemaat*
Leslie A. Goemaat
Special Assistant United States Attorney