IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON, et al.,<br><br>Defendants. | Case No. 2:18-cr-00365-JNP<br><br><br>POST-INDICTMENT PROTECTIVE ORDER PURSUANT TO 21 U.S.C. § 853(e)(1)(A)<br><br>Judge Jill N. Parrish |

The United States has made an application to this court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a protective order to transfer certain funds to the office of the clerk of court of this District Court in order to preserve the availability of the funds that the United States seeks to forfeit in this case. Upon consideration of the United States' application, it appears to the court that there is probable cause to believe that the property described in Exhibit A (hereinafter "Subject Property") is subject to forfeiture:

1.  That a federal grand jury for this district returned a Second Superseding Indictment charging the Defendants with multiple crimes including a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. ECF No. 135. The indictment also charged the Defendants with a money laundering conspiracy that included allegations of international and domestic conceal and disguise and expenditure money laundering from the Washakie account to accounts associated with Defendant Termendzhyan, such as SBK Holdings USA, Inc., and Speedy Lion Renewable Fuel Investments. ECF 135 at 5, 26-29.

2. That the Second Superseding Indictment contains a notice that the Subject Property is subject to forfeiture "as property, real or personal, that constitutes or is derived from proceeds traceable to the conspiracy" and as property involved in money laundering or traceable to such violations, and as "investments made using proceeds . . . , including investments by SBK Holdings USA, Inc." ECF 135 at 56-58.

3. On July 19, 2019, defendants Jacob Kingston and Isaiah Kingston plead guilty to, among other charges, conspiracy to commit mail fraud that involved fraudulently obtaining over $500 million of fuel tax credits from the Internal Revenue Service and conspiracy to commit money laundering. ECF 439 (Jacob Kingston Plea Agreement); ECF 445 (Isaiah Kingston Plea Agreement).

4. Defendant Jacob Kingston specifically admitted in his plea agreement that he caused Washakie to wire transfer over $35 million of fraud proceeds to SBK Holdings USA, Inc. as instructed by Defendant Levon Termendzyhan, and for the benefit of Termendzhyan.

5. Through the declaration of Special Agent Stephen Washburn, the Subject Property was found to be purchased using the $35 million in proceeds wired by Washakie to SBK Holdings USA, Inc., as well as other proceeds that Washakie wire transferred to Turkey in 2013 and 2014 and to Luxembourg in 2015 at the direction of Termendzhyan, which were then wire transferred to Speedy Lion Renewable Fuel Investments, and other accounts under Termendzhyan's control.

6. After being purchased, the Subject Property was placed in the name of Regdalin Properties, LLC by Edgar Sargsyan, an associate of Defendant Termendzhyan.

7.      SBK Holdings USA, Inc. sued Sargsyan and Regdalin, alleging that the funds used to purchase these properties were stolen, and SBK Holdings USA made claim to all of the properties.  Sargsyan filed bankruptcy on behalf of Regdalin Properties, LLC during this lawsuit.  The bankruptcy proceeding resulted in the sale of the Subject Property described below, and the remaining proceeds from these sales are being held in the custody of the bankruptcy trustee.

Effective immediately, the trustee shall:

TRANSFER the Subject Property, which is the proceeds from the sale of these properties after fees and minor unsecured claims are paid, to the Office of the Clerk of the United States District Court, Utah, with a reference on the check or wire to this case number:  Case No. 2:18-CR-00365-JNP-BCW.

IT IS FURTHER ORDERED that the United States may seek modifications of this Order if it is deemed necessary by the United States to preserve its interest in the Subject Property.

IT IS FURTHER ORDERED that as soon as practicable the IRS or a designee shall serve a copy of this upon the bankruptcy trustee in the Regdalin Properties, LLC bankruptcy proceeding, and shall a make a return thereon reflecting the date and time of service.

THIS PROTECTIVE ORDER shall remain in full force and effect until further order of this court.

Dated December 17, 2020.

BY THE COURT:

_____
Jill N. Parrish
United States District Judge

# Exhibit A

1. Proceeds from the sale of the following property:

    a.  1901-1903 W. Magnolia Blvd., Burbank, California 91506;

    b.  5761 S. Anderson St., Vernon, California 90058;

    c.  6507 Teesdale Ave., Valley Glen, California 91606;

    d.  160 E. Alondra Blvd., Carson, California 90248;

    e.  12026 Hoffman St., #302, Los Angeles, California 91604.