ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: arthur.ewenczyk@usdoj.gov;
richard.m.rolwing@usdoj.gov; john.e.sullivan@usdoj.gov;
cy.castle@usdoj.gov; adam.elggren@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LEV ASLAN DERMEN,<br>　a/k/a Levon Termendzhyan,<br><br>　　　　　　Defendant. | Case No. 2:18CR00365-JNP<br><br>GOVERNMENT'S SEVENTH BILL OF PARTICULARS<br><br>Judge Jill N. Parrish |

　　　　The United States of America hereby files the following Seventh Bill of Particulars for Forfeiture of Property. The United States intends to prove by a preponderance of the evidence that all of the properties and assets listed in this bill of particulars constitute or were derived from proceeds traceable to the mail fraud scheme, or are properties and assets involved in the money laundering offenses or traceable to such properties and assets.

　　　　The United States hereby gives notice that in accordance with its Notice of Intent to Seek Forfeiture in the Indictment, the United States provides the following updated list of assets for

which it seeks forfeiture under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c):

GOVERNMENT'S SEVENTH BILL OF PARTICULARS

1. The physical plant once known as Washakie Renewable Energy, LLC, located at 8100 W 24000 N., Plymouth, Utah, and all the equipment present thereat, installed therein, and affixed thereto;

2. The real property known as 2072 East Creek Road, Sandy, Utah 84190 (the proceeds from the sale of which are in escrow);

3. Real property located at 16572 Somerset Ln., Huntington Beach, California 92649;

4. Real property at 1605 Cactus Rd., San Diego, California 92154;

5. Real property at 13720 Vanowen St., Van Nuys, California 91405;

6. Real property at 7004 Camino Maquiladora, San Diego, California 92154;

7. Real property at 14021 Margate Street, Sherman Oaks, California 91401 (also referred to as 14027 Margate Street, Sherman Oaks, California 91401);

8. 2010 Bugatti Veyron, VIN: VF9SC2C23AM795205;

9. 2015 Lamborghini Aventador, VIN: ZHWUR1ZD2FLA03759;

Proceeds from the sale (which are already in escrow) of the following property:

10. 1901-1903 W. Magnolia Blvd., Burbank, California 91506;

11. 5761 S. Anderson St., Vernon, California 90058;

12. 6507 Teesdale Ave., Valley Glen, California 91606;

13. 160 E. Alondra Blvd., Carson, California 90248;

14. 12026 Hoffman St., #302, Los Angeles, California 91604;

15. The outstanding amount of principal and interest due on the June 21, 2013 loan to Zubair Kazi in the amount of $11,226,211.21, which was later memorialized by a

        $12 million promissory note given to SBK Holdings USA, Inc.;

16.     The assets of SBK Holdings USA, LLC, later SBK Holdings USA, Inc., and any investments held or made by SBK Holdings, USA, LLC, later SBK Holdings USA, Inc. which have value;

The assets of Speedy Lion Renewable Fuel Investments, LLC, or Speedy Lion Fuel Renewable Fuel Investment, LLC, including the following parcels:

17.     APN: 427-111-11, Mojave, CA 93501 in the name of Desert Properties, Holding, LLC;

18.     APN: 427-111-08, Mojave, CA 93501, in the name of Desert Properties Holding, LLC;

19.     APN: 427-111-10, Mojave, CA 93501, in the name of Desert Properties Holding, LLC;

20.     The real property purchased in the December 2015 $791,000 transfer to Intervalley Escrow, including the Willowcrest Apartments, at 5217 Willowcrest Avenue, Los Angeles, California, 91601;

The $15 million withdrawn from the Citibank account in the name of Century Energy on 12/21/18, deposited into Citibank accounts ##8979 / 9961, or the proceeds thereof, and the property purchased with the proceeds, including:

21.     Solar Turbines and related equipment which were paid for by Century Energy account #9961 $3,900,000 wire transfer on 10/01/19 to HENDRIX HENERGY;

22.     Compressors and related equipment bought with a $200,000 cashier's check dated 10/04/19, and made payable to Industrial Energy Solutions, Inc.;

23.     Industrial Equipment, and/or storage tank and related equipment which was purchased by the 10/28/19 $216,000 wire to China Zhangjiagang Furuisuzhou to buy such industrial equipment, reference invoice #FR-2019-1023A, storage tank deposit, and February 25, 2020 $60,600 wire to the same for "loading skid & pump skid";

24.     9153 Stellar Court, Corona, CA, 92883, purchased using Mariners Escrow on 10/30/19, in a 10/30/19 $2,000,000 wire to Mariners Escrow (containing at least $982,969.48 of SUA proceeds), loan for escrow #57147-RM, and the property tax for which was paid using Check #1012 for $26,000 dated 12/09/19 with SUA proceeds;

25. Equipment or assets purchased by/for/with Industrial Energy Systems/Solutions, including:

   a. $250,000 check #1006 dated 11/25/19 to Industrial Energy Solutions, Inc.;

   b. Forklifts purchased with check #1008 dated 12/02/19 for $26,500;

   c. equipment paid for with check #1016 for $300,000, dated 01/06/20;

   d. equipment paid for with check #1021 dated 02/18/20;

26. Whatever asset was purchased or installed using funds from the $460,000 transfer on 12/17/19 to #9961, which then was used in a $459,954 wire on 12/24/19 to Mojave Pipeline Operating Co., LLC, for "pre-payment #1 for installation interconnect;"

27. Whatever asset was purchased or installed using funds from the 03/03/20 $459,954 wire to Mojave Pipeline Operating Co., LLC, invoice #pcpp020620, second payment;

28. Any assets or property bought with funds from the 03/24/20 $2,000,000 cashier's check to Vernon Truck Wash;

29. Any assets or property bought with funds from the 03/24/20 $500,000 cashier's check to Petrolion Inc.;

30. Any assets or property bought with funds from the 03/24/20 $2,000,000 cashier's check to Speedy Fuel Distribution Inc.;

31. Any assets or property bought with funds from the 03/24/20 $500,000 cashier's check to International Pita Bread, Inc.;

32. The $4 million which remained at Komak Isi Yalitim Sistamleri Sanayi (Turkey) after being transferred to Komak on 12/31/13, and continues to be owed to Washakie pursuant to the Additional Protocol dated 01/13/16;

33. The $3,810,000 million transferred to Komak Isi Yalitim Sistamleri Sanayi (Turkey) by Noil Energy on 03/22/16, and continues to be owed to Washakie pursuant to the Additional Protocol dated 01/13/16;

34. SBK Holding, AS and all the property transferred by the Defendant or entities under his control to SBK Holding, AS, including the following:

   a. $10,000,000 transferred by Washakie on 11/13/13;

    b.     $3,885,135 transferred by Noil Energy Group on 02/17/16;

    c.     $458,000 transferred by SBK Holdings, USA, Inc on 03/25/16;

    d.     $6,000,000 transferred by SBK Holdings, USA, Inc. on 10/21/16;

    e.     $15,000,000 transferred by SBK Holdings, USA, Inc. on 11/08/16;

    f.     $265,000 transferred by SBK Holdings, USA, Inc. on 11/08/16;

    g.     Any property traceable to such property transferred to SBK Holding, AS, including the following companies/investments/assets purportedly owned/made by SBK Holding AS and any real and personal property owned by the same, including the assets of Biofarma, Ilac, AS (Turkey);

    h.     The assets of Isanne SARL (Luxembourg);

    i.     The assets of Kervansaray Hotels (Bodrum, Turkey);

    j.     The SBK Jet, Tail#TC-YYA, Bombardier Global XRS sn9356;

35. The proceeds from the Certificate of Deposit purchased in June 2014 at the Bank of America by the Defendant, and any asset traceable thereto;

36. The assets of Mega Varlik Yonetim (Turkey);

37. Any assets purchased or traced to fraud proceeds transferred to/from Jacob Kingston's bank account(s) in Turkey, including the funds listed in GX 2-4;

38. Setap Teknoloji (Turkey), and Blane Teknoloji, AS (Turkey), including the following real properties purchased by such entities:

| City | Town | Neighborhood | Ada No. | Parcel No. | $M^2$ | Owner |
|---|---|---|---|---|---|---|
| Istanbul | Uskudar | Beylerbeyi | 765 | 4 | 817,00 | Setap |
| Istanbul | Besiktas | Ortakoy | 38 | 19 | 287,00 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 172 | 18 | 80,00 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 1283 | 5 | 198,00 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 1283 | 6 | 225,75 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 1283 | 7 | 276,25 | Setap; |

39. Queen Anne yacht, registered in the Cook Islands, No. 2732, IMO #9704958, Call Sign E5U3623;

40. The yacht Mega (formerly Veyron), Hull No: IT-ADRP5080B808, Delaware Registration No DL 8759 AH, purchased by Noil Yachting Ltd, a Delaware Corporation, in June 2015;

41. A parcel in the Banque Free Zone, Belize, described as Parcel 3628, Block 23, most recently valued at $700,000 and titled in the name of G.T. Energy, LLC;

42. Any assets of Doga Dogan (Turkey) purchased or traced to fraud proceeds transferred thereto;

43. Any assets of Stone Isi Yalitim Sanayi Ve Ticare purchased or traced to fraud proceeds transferred thereto;

44. Any assets of Viscon International, Inc. purchased or traced to fraud proceeds transferred thereto, including $1.7 million transferred by Washakie Renewable Energy to Viscon International on 09/09/13 and 04/02/15;

45. Any assets of Noil Energy Group, Inc. purchased or traced to fraud proceeds transferred thereto, including $1,324,670 transferred by Washakie Renewable Energy to Noil Energy Group on 04/10/13;

46. A MONEY JUDGMENT equal to the value of any property, real or personal, constituting or derived from proceeds traceable to the mail fraud conspiracy and not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

47. A MONEY JUDGMENT equal to the value of all property involved in the money laundering and not available for forfeiture for one or more of the reasons listed in 21 U.S.C. § 853(p) as a result of any act or omission of the defendant(s).

DATED this 17th day of June, 2021.

    ANDREA T. MARTINEZ
    Acting United States Attorney

    */s/ John E. Sullivan*
    ARTHUR J. EWENCZYK
    RICHARD M. ROLWING
    Special Assistant United States Attorneys
    JOHN E. SULLIVAN
    Senior Litigation Counsel

Certificate of Service

I certify that on the 17th day of June, 2021, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, and I caused a copy to be emailed to all counsel of record.

/s/ John E. Sullivan
JOHN E. SULLIVAN
Senior Litigation Counsel