TRINA A. HIGGINS, United States Attorney (7939)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH 0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI 1018849)
DARRIN L. McCULLOUGH, Senior Policy Advisor, Criminal Division,
    Money Laundering & Forfeiture Unit, (GA 487011)
CY H. CASTLE, Assistant United States Attorney (4808)
TYLER L. MURRAY, Assistant United States Attorney (10308)
TRAVIS K. ELDER, Assistant Unite States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
(801) 524-5682 | travis.elder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> JACOB ORTELL KINGSTON, et al., <br><br> Defendants. | Case No. 2:18-cr-00365-JNP-DAO <br><br> PROPOSED ANCILLARY PROCEEDING PROCEDURES <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

| |
|---|
| Grigor Termendjian, |
| Gilbert Island Property, LLC, |
| Desert Properties Holding, LLC, |
| Stellar Court, LLC, |
| Century Energy, Inc., |
| New Washsakie Ranch, |
| Latter Day Church of Christ, |
| M.S.C., Inc., |
| N.P.M.C., Inc., |
| Ruth Davis, |
| Naura Gustafson, |
| Nichole Peterson, |
| Heather Larsen, |
| Kent Johnson, |
| Jolene Andrews, |
| Jeremy O. Andrews, |
| Amanda Penrose, |
| ABM, Inc., |
| Bank of Utah, |
| US Tank and Rail, |
| Security Investment Corporation, |
| American Chemical, LLC, |
| Alliance Investments, LLC, |
| Safeco Investments, Inc., |
| Rocky Mountain Eye Center, |
| Fidelity Funding Company, and |
| Zubair Kazi, |
| |
| Third-Party Petitioners. |

## INTRODUCTION

This forfeiture proceeding arises from the United States' efforts to recover the hundreds of millions of dollars the defendants obtained and laundered as part of their biofuel fraud scheme. The proceeds were spent and laundered through a variety of transactions, including complex transfers to entities associated with the defendants' family, friends, and associates in

2

what is called the "Order." Sometimes, the criminal proceeds were transferred in cyclical transactions from Washakie Renewable Energy ("WRE") to Order-related entities, like Fidelity Funding, Alliance, Investments, Safeco Investments. The transfers out to such entities were supported by false or inflated invoices, and then the funds were returned to WRE in the form of fake loans. At other times, defendants sent funds overseas, both to share in the ill-gotten gains and to make the funds more difficult to trace.

On March 24, 2023, the court issued its Preliminary Order of Forfeiture (ECF 1397), which confirmed the nexus between the property at issue in these proceedings and defendants' criminal offenses. After that order's issuance, the United States notified numerous potential third parties, both directly and via publication,[1] of their opportunity to assert an interest in the properties subject to forfeiture.

In response, third parties have filed over two-dozen petitions to the forfeited property. Many of the petitioners are Order-related entities, who are asserting interests in the forfeited property based on alleged loans they gave to WRE—loans which appear to be very type of "loans" that Jacob and Isaiah Kingston admitted were part of the laundering of criminal proceeds among various Order entities. Other petitioners include entities with judgments against Washakie, defendant Dermen's brother (who is facing his own criminal charges), and various other individuals and entities from around the country. While there are likely several claims the

---

[1] Even though not required for criminal forfeiture, the government also initiated "post and walks" for the real properties as another method to ensure notice to third parties.

United States will dispute, it will also seek to resolve some without any litigation, either by agreement or via a motion to dismiss for lack of standing or other issues.

To prevail their petitions, the third parties will have to allege and prove an interest that is cognizable under 21 U.S.C. § 853(n)(6). Indeed, "Congress did not intend section 853(n) to serve as a vehicle by which all innocent third parties who are aggrieved by an order of criminal forfeiture can petition for judicial relief." *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991). Instead, Congress "intended to accord standing to only two narrow classes of third parties" identified in 21 U.S.C. §§ 853(n)(6)(A) and (B). *Id*. To qualify in one of these two narrow classes, the petitioners will have to allege and prove (A) they had an interest in the property that "was vested in [them] rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture;" or (B) they a "bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe the property was subject to forfeiture." 21 U.S.C. §§ 853(c) and (n)(6)(A) and (B).

These are the exclusive avenues for a third party to obtain relief from the Preliminary Order of Forfeiture. *See United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1089 (D. Utah 2013) (relief for third parties under 21 U.S.C. § 853(n) is very narrow and is limited to the two categories in 853(n)(6)(A) and (B)).

On May 31, 2023, the court issued a docket order indicating that any "party wishing to propose procedures for resolving these third-party claims may do so by June 14, 2023." ECF 1520.

## UNITED STATES PROPOSED PROCEDURES

1. Each petition is essentially an individual civil lawsuit, in which the third-party petitioner bears the burden to prove, by a preponderance of evidence, that they have an interest in a piece of forfeited property that qualifies under 21 U.S.C § 853(n)(6)(A) or (B). The number and scope of the third-party petitions in this case is unprecedented for this district and is extremely rare for cases nationwide. Accordingly, the United States and the third-party petitioners need sufficient time to analyze and litigate each petition.

1. Specifically, between April 20, 2023, and June 5, 2023, 27 petitioners filed 26 third-party petitions in the ancillary proceeding claiming an interest in various properties subject to the court's Preliminary Order of Forfeiture. *See* Ex. A.

2. In general, procedures for the ancillary proceeding are proscribed in 21 U.S.C. § 853(n) and Rule 32.2(c).

3. Under 21 U.S.C. § 853(n)(4):

> The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.

Given the large number and the complexity of the issues raised by the petitions, it is not practicable to hold a hearing on the petitions within 30 days of their filing. Holding such a hearing that quickly is also not in the interests of justice because, as described below, discovery is needed to help resolve the various petitions.

4. Under Fed. R. Crim. P. 32.2(c)(1), the court must conduct an ancillary proceeding if a petition is filed. During the ancillary proceeding, the court may consider motions to dismiss

petitions "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Given the number of petitions and the complexity of many of them, the United States requests until October 27, 2023, for it to analyze the petitions and file any motions to dismiss.

5. Under Fed. R. Crim. P. 32.2(c)(1)(B):

> After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues.

In this case, even if the United States does not file a motion to dismiss a particular petition, it believes that discovery will be necessary to resolve many of the pending petitions.

6. For example, the United States has already received some discovery from Robert Breeze regarding the nine petitions of his clients including Ruth Davis, Naura Gustafson, Nichole Peterson, Heather Larsen, Kent Johnson, Jolene Andrews, Jeremy O. Andrews, and Amanda Penrose. The United States is also engaged with Mr. Breeze in discussing additional documentation that the United States would like to see concerning his client's petitions. A motion for discovery is forthcoming regarding Mr. Breeze's clients.

7. The United States expects to be making ongoing determinations of the need for discovery motions and requests until October 27, 2023, or after the resolution of any motion to dismiss, to file motions for discovery related to the pending petitions. Each petition (or perhaps class of petitions) will need its own individualized schedule for resolution. A proposed form of scheduling order is attached as Exhibit B.

8. With regard to the petitions of Grigor Termendjian; Gilbert Island Property, LLC; Desert Properties Holding, LLC; Stellar Court, LLC; and Century Energy, Inc., the United States has had preliminary discussions with these petitioners' attorney, Sam Meziani. The property claimed by Mr. Meziani's clients was recently included for forfeiture in an indictment filed on March 29, 2023 in *United States v. Grigor Termendjian*, No. 2:23-cr-00119-DAK. This indictment seeks forfeiture of property including:

> The gas solar turbines, located at 14675 Hold Street, Mojave, California 95301; and

> Any and all investments in real property made using proceeds, including the real property at 9153 Stellar Court, Corona, California 92883, and land parcels, APNs 427-111-08, 427-111-10 and 427-111-11, in Mojave, California; and the real property at 5761 S. Anderson St., Vernon, California 90058

These same assets are also subject properties in the court's Preliminary Order of Forfeiture. Consequently, the parties have had discussions about staying the ancillary proceeding in this case until the criminal case against Grigor Termendjian is resolved. A motion to stay on that basis was filed this morning. ECF 1540.

7

9. In summary, the United States requests that the court allow it until at least October 27, 2023, to either file a motion to dismiss or a motion for discovery regarding the pending third-party petitions. Thereafter, discovery can be conducted, any applicable motions for summary judgment can be filed, and then hearings can be held on any remaining claims. A proposed order is enclosed.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney


*/s/ Travis K. Elder*
Travis K. Elder
Assistant United States Attorney

**Exhibit A**
<u>Pending Third-Party Petitions as of June 7, 2023</u>

|  | Claimant | Petition Info | Assets Claimed |
|---|---|---|---|
| 1. | Grigor Termendjian; Gilbert Island Property, LLC; Desert Properties Holding, LLC; Stellar Court, LLC; and Century Energy, Inc. | Dkt 1431 (4/20/23) | 16672 Somerset Lane<br>13720 Vanowen Street<br>Mojave Parcels<br>Solar Turbines<br>Compressors<br>Industrial Equipment<br>9153 Stellar Court<br>Century Energy Equipment (any asset purchased w/ $275k transfer) |
| 2. | New Washakie Ranch ("NWR") | Dkt. 1432 (4/21/23) | Assets related to the physical plant that was once known as Washakie Renewable Energy, LLC, located at 8100 W 24000 N Plymouth, Utah ("Plant") |
| 3. | Latter Day Church of Christ | Dkt. 1438 (4/24/23) | 1401 Crystal Avenue<br>1415 Crystal Avenue |
| 4. | M.S.C., Inc. | Dkt. 1442 (4/25/23) | 2338 S. 1360 W. Salt Lake City<br>Deep Creek Ranch, Ibapah |
| 5. | N.P.M.C., Inc. | Dkt. 1444 (4/25/23) | 1516 West Culpepper Cir., Taylorsville |
| 6. | Ruth Davis | Dkt. 1454 (4/26/23) | 3179 South Village Pine Cove |
| 7. | Naura Gustafson | Dkt. 1446 (4/26/23) | 8228 S. 2700 W. |
| 8. | Nichole Peterson | Dkt. 1449 (4/26/23) | 2973 W. Mackay Meadows Pl. |
| 9. | Heather Larsen | Dkt. 1450 (4/26/23) | 4829 S. 3960 |
| 10. | Kent Johnson | Dkt. 1451 (4/26/23) | 9243 Grand Teton Drive |
| 11. | Jolene Andrews | Dkt. 1452 (4/26/23) | 4271 S. 1300 E. |
| 12. | Jeremy O. Andrews | Dkt. 1453 (4/26/23) | 4271 S. 1300 E. |
| 13. | Amanda Penrose | Dkt. 1455 (4/26/23) | 7504 S. 2200 West |
| 14. | ABM, Inc. | Dkt. 1468 (4/28/23) | Deep Creek Ranch |
| 15. | Bank of Utah | Dkt. 1470 (4/28/23) | 4400 S 700 E. |
| 16. | US Tank and Rail | Dkt. 1473 (4/28/23) | Plant:<br>Tank lease income seized in the government's seized money account for rents from Big West Oil, LLC. |

| | | | All profits derived from lease payments paid or owed for, and that are attributable to, the use of the (iii) the liquid storage tank farm; and (iv) the rail line |
|---|---|---|---|
| 17. | Security Investment Corporation | Dkt. 1469 (4/28/23) | 4271 S. 1300 E.<br>24050 N. 600 W. 07-090-0002<br>24050 N. 600 W. 08-041-0004<br>24050 N. 600 W. 08-041-0019<br>24050 N. 600 W. 08-041-0020<br>24050 N. 600 W. 08-041-0025<br>24050 N. 600 W. 08-041-0026<br>24050 N. 600 W. 08-041-0027<br>24050 N. 600 W. 08-041-0028<br>24050 N. 600 W. 08-042-0018<br>24050 N. 600 W. 08-045-0005<br>Box Elder County APN: 08-044-0004<br>24050 N. 600 W. 08-052-0008<br>22555 N. Frontage Rd. Portage<br>Box Elder County APN: 08-052-0014 |
| 18. | American Chemical, LLC | Dkt. 1475 (4/28/23) | Plant:<br>Chase Logeman Filling/Capping Machine<br>Yellow Fork Lift<br>Green Fork Lift<br>Watson Marlow PF6 Flexicon Peristaltic Pumps<br>2 Mixing Tanks<br>2 Big Water pumps<br>2 Electric Sewage Pumps<br>Karl Fischer Titration<br>Computers<br>Boardroom TV<br>Box Taper |
| 19. | ABM, Inc. | Dkt. 1488 (5/1/23) | Plant |
| 20. | Alliance Investments, LLC | Dkt. 1478 (5/1/23) | 2973 W. Mackay Meadows Pl.<br>1305 W. Main, Mesa, AZ<br>3179 S. Village Pine Cir |
| 21. | Alliance Investments, LLC | Dkt. 1486 (5/1/23) | Plant |
| 22. | Safeco Investments, Inc. | Dkt. 1480 (5/1/23) | 4400 S. 700 E. Salt Lake City, UT<br>4829 S. 3960 W., Taylorsville, UT<br>9243 Grand Teton Dr, West Jordan |
| 23. | Safeco Investments, Inc. | Dkt. 1487 (5/1/23) | Plant |
| 24. | Rocky Mountain Eye Center | Dkt. 1482 (5/1/23) | 4400 S 700 E. |
| 25. | Fidelity Funding Company | Dkt. 1485 (5/1/23) | Plant |

| 26. | Zubair Kazi | Dkt. 1526 (6/5/23) | "Kazi loan receivable" identified as the outstanding amount of principal and interest due on June 21, 2013, loan to Zubair Kazi in the amount of $11,226,211.21. |

## Exhibit B
Proposed Form of Discovery and Scheduling Order

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | | |
|---|---|---|---|
| 1. | | **DISCOVERYAUTHORIZED (per Petitioner)** | **NUMBER** |
| | a. | Maximum Number of Depositions by the Government | |
| | b. | Maximum Number of Depositions per Petitioner | |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | |
| | d. | Maximum Interrogatories by any Party to any Party | |
| | e. | Maximum requests for admissions by any Party to any Party | |
| | f. | Maximum requests for production by any Party to any Party | |
| 2. | | **AMENDMENT OF PETITION** | **DATE** |
| | a. | Last Day to for Claimants to File Amended Petition. | According to the procedures outlined in Fed. R. Civ. P. 15(a) |
| 4. | | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
| | a. | Claimant | *Click here to enter a date.* |
| | b. | Government | *Click here to enter a date.* |
| 5. | | **OTHER DEADLINES** | **DATE** |
| | a. | Discovery to be completed by: | |
| | | Fact discovery | *Click here to enter a date.* |
| | | Expert discovery | *Click here to enter a date.* |
| | b. | Deadline for filing dispositive or potentially dispositive motions | *Click here to enter a date.* |

*Specify # of days for Bench or Jury trial as appropriate.*
*Shaded areas will be completed by the court.*

| | | | Length | TIME | DATE |
|---|---|---|---|---|---|
| **6.** | | **ANCILLARY HEARING** | | | |
| | a. | Ancillary Hearing | ____ Days Per Petitioner | | |
| | b. | Status Conference to set date if no dispositive or potentially dispositive motions are filed | | | |

13