IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON,<br>ISAIAH ELDEN KINGSTON,<br>LEV ASLAN DERMEN,<br>RACHEL ANN KINGSTON, and<br>SALLY LOUISE KINGSTON,<br><br>Defendants. | Case No. 2:18-cr-00365-JNP<br><br>**ORDER AUTHORIZING INTERLOCUTORY SALE AND SUBSTITUTION OF PROPERTY**<br><br>Judge Jill N. Parrish |

Before the Court is the United States' consent motion, with the full consent and concurrence of Sezgin Baran Korkmaz, defendant in the related case *United States v. Sezgin Baran Korkmaz,* No. 2:21-CR-140-JNP, for the interlocutory sale of Korkmaz's interest in Isanne SARL (the "Subject Property") for $1.3 million, which is connected to property that this Court ordered forfeit in its Preliminary Order of Forfeiture on March 24, 2023, specifically a general order of forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) forfeiting Isanne SARL (Luxembourg) to the United States. ECF No. 1583.

Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the Court has the authority to order the interlocutory sale of property subject to forfeiture if the Court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the Court "finds other good cause." Rule G(7)(b)(i). The Court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e), which authorizes the court

1

to "take any . . . action to preserve the availability of property" subject to forfeiture.

Supplemental Rule G of the Federal Rules of Civil Procedure governs forfeiture actions *in rem* arising under federal law and authorizes this Court to order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. The Court finds good cause for the issuance of this interlocutory sale order based on the following facts demonstrated by the United States:

1. The United States does not have "actual possession" of the Subject Property, which is located in Luxembourg, as contemplated by Rule(G)(7)(a), so an order to transfer proceeds related to its voluntary sale to the United States will most effectively preserve the property, which would otherwise be virtually unattainable for forfeiture.

2. "Good cause," as contemplated by Rule (G)(7)(b)(i)(D), also exists in this case to grant the consented-to motion of the United States. The Subject Property consists of investments made by defendant Korkmaz in a Luxembourg company, Isanne, which have no value for forfeiture unless liquidated. Forfeiture of the Subject Property is therefore unlikely to ever net the United States any proceeds as the Subject Property could not readily be liquidated by the United States. With the approval of the Court, Isanne has agreed to sell and liquidate the Subject Property. To facilitate the sale, a wire transfer in the amount of $1.3 million will be sent to the United States to satisfy the general order of forfeiture.

3. The defendant in the related case *United States v. Sezgin Baran Korkmaz,* No. 2:21-cr-140-JNP, consents to the sale and substitution of property.

Accordingly, it is HEREBY ORDERED as follows:

1. The Motion for Interlocutory Sale and Substitution of Property is granted, the Subject Property may be sold and liquidated by Isanne.

2.    Isanne shall wire the $1.3 million obtained from selling and liquidating the Subject Property to the United States according to instructions that the United States will provide to Isanne SARL.

3.    Under Rule G(7)(b)(iv), the $1.3 million will be a substitute *res* subject to forfeiture in place of Isanne SARL (Luxembourg), which the court ordered forfeit to the United States as part of a general order of forfeiture in its Preliminary Order of Forfeiture. The $1.3 million shall be held in an interest-bearing account pending further order of this Court; and

4.    Upon the United States' receipt of the amount of $1.3 million as contemplated by this Order, the general order of forfeiture relating to Isanne will be fully and completely satisfied and Isanne will be fully and forever released from any and all forfeiture orders and from any further obligations, debts, or liabilities relating to the instant matter, including the cases captioned or mentioned in the United States' Motion for Interlocutory Sale and any matters arising from the facts and circumstances leading to or related to those cases.

Dated August 15, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Judge