JAMES C. BRADSHAW (#3768)
STACI VISSER (#14358)
BROWN, BRADSHAW & MOFFAT
422 North 300 West
Salt Lake City, Utah 84103
Telephone: (801) 532-5297
Facsimile: (801) 532-5298
jim@brownbradshaw.com
staci@brownbradshaw.com
*Attorneys for NWR*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br><br>JACOB KINGSTON, ISAIAH KINGSTON, LEV DERMEN, RACHEL KINGSTON, and SALLY KINGSTON,<br><br>Defendant.<br><br>**NWR**,<br>Third-Party Claimant. | **AMENDED PETITION TO ASSERT THIRD-PARTY INTEREST IN PROPERTY**<br><br><br>Case No. 2:18-cr-00365-JNP<br><br>District Judge Jill N. Parrish |
|---|---|

Petitioner and Third-Party Claimant, New Washsakie Ranch ("NWR"), a Limited Partnership[1], through their counsel of record and pursuant to Title 18 U.S.C. § 982; Title 21 U.S.C. § 853(n); and Rule 32.2 of the Federal Rules of Criminal Procedure, hereby

---

[1] NWR is a Nevada Limited Partnership registered in Utah.

files this Petition and requests adjudication as to its right to a specific property named in this Court's Preliminary Order of Forfeiture filed March 24, 2023. (ECF No. 1397).

## BACKGROUND

1. On March 24, 2023, this Court entered a Preliminary Order of Forfeiture. (ECF No. 1397).

2. Included within the list of properties identified as having been forfeited to the United States is property owned by NWR. Specifically, NWR asserts that it is the owner of the property named in Paragraph E on page 7 of Exhibit 1 attached to (ECF No.1397), which is described as:

> *E. The assets related to the physical plant that was once known as Washakie Renewable Energy, LLC, located at 8100 W 24000 N Plymouth, Utah:*
>
> (1) The biodiesel production plant and all equipment contained or affixed therein;
> (2) The crush plant, the warehouse, and all equipment contained or affixed therein
> (3) The liquid storage tank farm; and
> (4) The rail line; and
> (5) all profits derived from lease payments paid or owed for, and that is attributable to, the use of the (i) biodiesel production plant and all equipment contained or affixed therein; (ii) the crush plant, the warehouse, and all the equipment contained or affixed therein; (iii) the liquid storage tank farm; and
> (iv) the rail line.
>
> ("Collectively referred to herein as the "Subsection E Assets")

3. Relative to the Subsection E Assets, Petitioner alleges:

    a. Petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of a forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant; or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; and

    b. Petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

    c. Petitioner is entitled to recovery of costs, expenses and attorneys fees consistent with 28 U.S.C. § 2412 and 42 U.S.C. §2000bb *et seq.*

## ADDITIONAL BACKGROUND AND ALLEGATIONS

4. NWR is the owner of real property located in Plymouth, Box Elder County, Utah. ("The Property").

5. NWR has been the legal owner and held fee title to The Property at all times since 1992.

6. In June 2006, Washsakie Renewable Energy LLC ("WRE") entered into a land lease agreement with NWR. The lease was signed by Jacob Kingston, a defendant in this criminal case.

7.     In January 2011, NWR entered into another land lease agreement with WRE and other subleasing biofuel companies (collectively the "Biofuel entities"). The lease was signed by Isaiah Kingston, a defendant in this criminal case.

8.     WRE and NWR entered into The First Amendment to Land Lease Agreement on January 1, 2014. The 2006, 2011, and 2014 lease documents are attached as Exhibit "A."

9.     In 2016, WRE and the Biofuel entities breached the lease agreement with NWR. An action was filed in the first district court in Brigham City, Utah, Case No. 160100125, requesting damages and possession of the premises. The eviction proceeding was resolved through a settlement agreement in which the Biofuel entities and their principals quit claimed any remaining interest in the physical property while also acknowledging their ongoing liability and responsibility to clean up any hazardous waste related to their occupancy of the Property. The 2017 Judgement and Settlement Agreement are attached as Exhibit "B."

10.    Subsequent to the eviction of WRE and the Biofuel entities, NWR entered into lease agreements with different companies in an attempt to generate a source of revenue from the property. The United States has seized the income generated from these lease agreements. Petitioner's income stream was seized at a time and under circumstances where Petitioner was denied access to any form of meaningful judicial access which has

resulted, and will continue to result, in a deprivation of Petitioner's property interests without affording due process of law.

11.     Criminal Defendants Jacob and Isaiah Kingston entered guilty pleas in this matter on July 18, 2019. The pleas were entered pursuant to an agreement reached by the United States. The agreement includes a term by which Jacob and Isaiah Kingston agreed to forfeit their interest in the physical plant once known as Washakie Renewable Energy, LLC, located at 7550 W 24000 N Plymouth, Utah, and all the equipment installed therein, and affixed thereto ("The Biofuel Plant"). (ECF Nos. 439 and 445).

12.     The information offered in ECF Nos. 439 and 445 as providing the basis for the proposed forfeitures is noteworthy regarding the use of "no contest" or Alford plea language. In lieu of a specific events tied to a date certain, each admission related to what the Government labeled as "order related transactions" appears to have been carefully drafted so as to avoid specifics.[2]

13.     Upon information and belief, this Court's Preliminary Order of Forfeiture (ECF

---

[2] For example the Forfeiture section contains statements such as, "I do not contest ... I will not contest ...I agree to be interviewed." (EFC No. 445 at 14, ¶ i). The stipulation of facts on page 8 is similar with statements such as, "*some of our* portion of the fraud proceeds ... *Some* of these payments ... *On more than one occasion.*" (EFC No. 445 at 9)(emphasis added). The record does not reveal any request for clarification or greater detail from the Court or any Party. *See Libretti v. United States*, 516 U.S. 29, 43 (1995) ("We do not mean to suggest that a district court must simply accept a defendant's agreement to forfeit property, particularly when that agreement is not accompanied by a stipulation of facts supporting forfeiture, or when the trial judge for other reasons finds the agreement problematic").

No. 1397) was entered based upon false, misleading, and incomplete information that was provided by the United States.[3]

14. The nature of this proceeding has resulted, and will continue to result, in a deprivation of Petitioner's constitutional right to meaningful and timely due process of law based upon but not limited to the following:

    a. Petitioner's property has been restrained for over four years and rulings have been made during this time in which Petitioner was specifically barred from participation.

    b. The available statutory remedies provided by 21 U.S.C. § 853(n)(6) are inadequate to insure that Petitioner is afforded due process of law.

    c. The United States' seizures and the Court's forfeiture orders have been unconstitutionally based upon overly vague classifications.

15. These overly vague classifications which have been presented by the Government, and relied upon by the Court, are premised upon religious affiliation in contravention of the Free Exercise Clause of the First Amendment to the United States Constitution and as

---

[3] Prior to issuing its Preliminary Order of Forfeiture, ECF 1397, this Court noted the absence of adversarial process. (ECF No. 1121 note 1). Rule 3.3 (d) of the Utah Rules of Professional Conduct sets out a lawyers obligation to inform the Court of adverse facts in an ex-parte proceeding. The Government recently expressed their opinion that the information provided to the Government by Isaiah Kingston in regards to the Davis County Cooperative Society was "unsatisfactory". *See* (ECF No. 1425). If the purportedly "unsatisfactory" answers related to the factual determinations made in ECF No. 1397, the Government had an ethical obligation to place that evidence before the Court as a part of their request for a Preliminary Forfeiture Order.

codified in 42 U.S.C. §2000bb *et seq.*

## DISCOVERY

Petitioners are entitled to discovery to obtain all the documents relied on by the United States. Petitioners are entitled to documents in the Government's possession and other discovery in order to establish their rights.

Petitioners seek a scheduling conference to set dates for the production of discovery and scheduling of other issues.

DATED this 22nd day of August, 2023.

/s/ James C. Bradshaw
JAMES C. BRADSHAW
BROWN BRADSHAW & MOFFAT
Attorney for NWR

## AFFIDAVIT OF RACHEL YOUNG

**STATE OF UTAH**          )
                                             : ss.
**COUNTY OF SALT LAKE**   )

I, RACHEL YOUNG, under penalty of perjury, do depose and state as follows:

1. I am over the age of eighteen years old.
2. I am the President of N.U.R. which is the managing general partner of New Washakie Ranch ("NWR").
3. To the best of my knowledge all of the facts and allegations contained in the attached *Petition to Assert Third Party Interest* are true and accurate and I attest to their accuracy under penalty of perjury.

_____
RACHEL YOUNG
Affiant

On the 28 day of July 2023, RACHEL YOUNG personally appeared before me who, being first duly sworn upon oath, stated he had read the foregoing Affidavit and that the statements contained therein were true and correct to the best of his knowledge and belief.

_____
NOTARY PUBLIC:
Residing in Salt Lake County,
State of Utah

My Commission Expires:



KRISTIN H JERMAN
Notary Public - State of Utah
Comm. No. 719923
My Commission Expires on
Aug 17, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2023, I electronically filed the foregoing *Amended Petition to Assert Third Party Interest in Property* with the Clerk of Court using the CM/ECF system which sent notification of such filing to all parties and co-defendants.

/s/ *Samantha Torres*

# Exhibit A

# Exhibit B

JAMES C. BRADSHAW (#3768)
STACI VISSER (#14358)
BROWN, BRADSHAW & MOFFAT
422 North 300 West
Salt Lake City, Utah 84103
Telephone: (801) 532-5297
Facsimile: (801) 532-5298
jim@brownbradshaw.com
staci@brownbradshaw.com
*Attorneys for NWR*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br><br>JACOB KINGSTON, ISAIAH KINGSTON, LEV DERMEN, RACHEL KINGSTON, and SALLY KINGSTON,<br><br>    Defendant.<br><br>**NWR**,<br>    Third-Party Claimant. | **CONSENT TO NWR AMENDMENT OF PETITION**<br><br><br>Case No. 2:18-cr-00365-JNP<br><br>District Judge Jill N. Parrish |

Petitioner and Third-Party Claimant, New Washsakie Ranch ("NWR"), a Limited Partnership, through their counsel of record, hereby files this written consent in compliance with Federal Rule of Civil Procedure 15(a)(2). As required under Rule 15(a)(2), the Government consents to NWR amending its Petition to Assert Third-Party Interest in Property, filed April 21, 2023 as document number 1432.

DATED this 22nd day of August, 2023.

/s/ James C. Bradshaw
JAMES C. BRADSHAW
BROWN BRADSHAW & MOFFAT
Attorney for NWR

/s/ Travis Elder
TRAVIS ELDER
On Behalf of U.S. Department of Justice
(Signed electronically with permission, permission received via email on July 28, 2023)

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2023, I electronically filed the foregoing **CONSENT** with the Clerk of Court using the CM/ECF system which sent notification of such filing to all parties and co-defendants.

/s/ *Samantha Torres*