CARL E. KINGSTON (#1826)
Attorney for M.S.C., Inc.
3212 South State Street
Salt Lake City, Utah 84115
Telephone: (801) 486-1458
Facsimile:  801-746-2819
Email:  cek@ceklawoffice.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | * | AMENDED PETITION TO |
| | * | ASSERT THIRD-PARTY |
| vs. | * | INTEREST IN PROPERTY |
| | * | |
| JACOB KINGSTON, ISAIAH KINGSTON, LEV | * | |
| DERMEN, RACHEL KINGSTON and | * | Case No. 2:18-cr-00365-JNP |
| SALLY KINGSTON, | * | |
| | * | District Judge Jill N. Parrish |
| Defendant. | * | |
| M.S.C., INC., | * | |
| | * | |
| Third Party Claimant. | * | |
| | * | |

Petitioner, M.S.C., Inc., by and through its counsel, Carl E. Kingston, and pursuant to Title 18 U.S.C. Sec. 982, Title 21 U.S.C. sec. 853(n), and Rule 32.2 of the Federal Rules of Criminal Procedure, hereby files this Petition to assert its interest in specific property named in this Court's Preliminary Order of Forfeiture (ECF No. 1397) filed March 24, 2023. All exhibits referenced herein refer to the attached exhibits to the PETITION TO ASSERT THIRD-PARTY INTEREST IN PROPERTY previously filed by M.S.C., Inc.

Petitioner M.S.C., Inc. asserts its claim to two properties: 1) the real property described in paragraph 25 on page 5 of Exhibit 1 (ECF No. 1397-1) attached to ECF No. 1397, located at 2338 S. 1360 W. Salt Lake City, UT 84119, which is legally described as:

LOT 42, RIVERSIDE SUB 2. 5051-495 5186-0210 5650-1495 6268-2706 6997-2651 7012-

2186 7524-0538 8381-1643 8431-2037 8459-2888 8462-4873 8646-131 9025-774, Tax No. 15-22-283-010-0000 ("**Property 1**")

and 2) the real property described in paragraph 31 on page 6 of Exhibit 1 (ECF No. 1397-1) attached to ECF No. 1397, located at Deep Creek Ranch, Ibapah, Utah 84034, which is legally described as:

> PARCEL 1: The Southwest Quarter of Section 22, Township 10 South, Range 19 West, Salt Lake Base and Meridian.

> PARCEL 2: Beginning at the northeast corner of the northwest quarter of Section 27, Township 10 South, Range 19 West, Salt Lake Base and Meridian, thence south 990 feet; then west 660 feet; thence south 1650 feet more or less to the quarter section line; thence west 1980 feet more or less to the west section line of said section; thence north 2640 feet more or less to the northwest corner of said section; thence east 2640 feet more or less to the point of beginning, together with the right to all the water from Rock Creek and water from Pass Creek as evidenced by water user claim no. WR-17-201, WR-17-187, WR-17-66, WR-17-82 and WR-17-183. Tax ID: 07-097-0-0003 & 07-097-0-0004 ("**Property 2**")

*Facts Supporting the Petitioner's Claim, and the Relief Sought*

Property 25 – 2338 S 1360 W, Salt Lake City, Utah 84119

1. M.S.C., Inc. is the owner of the real property.

2. M.S.C., Inc. purchased Property 1 from Jose D. Barba and has been the legal owner and held fee title to Property 1 at all times since December 2013. A copy of the Warranty Deed transferring title to M.S.C., Inc. is attached hereto as Exhibit "A".

3. Alliance Investments, LLC provided funding for the purchase.

4. M.S.C., Inc did not know who owned Alliance when it got the loan. It did not inquire about the source of the funds borrowed from Alliance. M.S.C., Inc. never knew or even suspected that any of the funds came from any activities of Washakie Renewable Energy, or Jacob or Isaiah Kingston.

5. Criminal Defendants Jacob and Isaiah Kingston entered guilty pleas in this matter on July

18, 2019.

6.   M.S.C., Inc. was not aware of the criminal activities for which Jacob and Isaiah Kingston have been convicted by pleas of guilty until 2018, when their case became public and the details came out in the media.

7.   Relative to Property 1, M.S.C., Inc. is a bona fide purchaser for value of the right, title, or interest in Property 1 and was at the time of purchase reasonably without cause to believe that Property 1 was subject to forfeiture under this Section.  Therefore, the order of forfeiture is invalid in whole or in part.

<u>Property 31 – Deep Creek Ranch Ibapah, UT 84034</u>

8.   M.S.C., Inc. is the owner of the real property.

9.   M.S.C., Inc. purchased Property 2 from Knight Land & Livestock, LLC in a 1031 exchange through Summit Exchange Company, LLC as Accommodator, and M.S.C., Inc. has been the legal owner and held fee title to Property 2 at all times since March 2017.  A copy of the Warranty Deed transferring title to Summit Exchange Company, LLC As 1031 Accommodator for M.S.C., Inc., and the Special Warranty Deed transferring title to M.S.C., Inc. is attached hereto as Exhibit "B".

10.   The Government's Lis Pendens was not filed on Property 2 until July 2019.

11.   M.S.C., Inc did not know how or when Knight Land & Livestock, LLC acquired Property 2 or what if any lenders provided funding for the purchase.

12.   M.S.C., Inc. never knew or even suspected that any of the funds came from any activities of Washakie Renewable Energy, or Jacob or Isaiah Kingston.

13.   Criminal Defendants Jacob and Isaiah Kingston entered guilty pleas in this matter on July 18, 2019.

14. M.S.C., Inc. was not aware of the criminal activities for which Jacob and Isaiah Kingston have been convicted by peas of guilty until 2018, when their case became public and the details came out in the media.

15. Relative to Property 2, M.S.C., Inc. is a bona fide purchaser for value of the right, title, or interest in Property 2 and was at the time of purchase reasonably without cause to believe that Property 2 was subject to forfeiture under this Section.  Therefore, the order of forfeiture is invalid in whole or in part.

*Additional Allegations*

16. Upon information and belief, Petitioner alleges that the Court's Preliminary Order of Forfeiture (ECF No. 1397) was entered based upon false misleading and incomplete information received from the United States.

17. The nature of this proceeding, in which rulings were made during the time Petitioner was specifically barred from participation has resulted and will continue to result in a deprivation of Petitioner's property interests without affording due process of law.

18. The available statutory remedies provided by 21 U.S.C. sec. 853(n)(6) are inadequate to ensure that Petitioner is provided Due Process of Law.

19. The Government's seizures and proposed forfeitures in this matter have been based upon vague classifications grounded in religious affiliation in contravention of the Free Exercise Clause and the Establishment Clauses of the First Amendment to the United States Constitution.

Dated this _ī4_ day of October, 2023.

s/Carl E. Kingston
Attorney for M.S.C., Inc.

AFFIDAVIT OF A. O. GARDNER

STATE OF UTAH            )
                                          :ss.
COUNTY OF SALT LAKE   )

I, A. O. GARDNER, being first duly sworn, depose and state as follow:

1. I am over the age of eighteen years old.

2. I am the president of M.S.C., Inc.

3. I swear under penalty of perjury, the facts stated in the attached *Amended Petition to Assert*

   *Third party Interest* are true and accurate, to the best of my knowledge and belief.

_____
A. O. Gardner

On the  16  day of _Octoper_____, 2023, A. O. Gardner personally appeared before me
who, being first duly sworn upon oath, stated she had read the foregoing Affidavit and that the
statements contained therein were true and correct to the best of her knowledge and belief.

_____
Notary Public

My Commission Expires:

MALLORY ANN KINGSTON
Notary Public  State of Utah
My Commission Expires on:
July 27, 2026
Comm. Number: 725941

Certificate of Service

I hereby certify that on this  24th  day of _October_____, 2023, I electronically filed

the foregoing Petition to Assert Third Party Interest in Property with the Clerk of the Court using

the CM/ECF system which sent notification of such filing to all parties and co-defendants.

/s/ *Dayle Sessions*